Jahan C. Sagafi   (Cal. Bar No. 224887)
OUTTEN & GOLDEN LLP
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile:  (415) 638-8810
E-Mail: jsagafi@outtengolden.com

Melissa L. Stewart (*pro hac vice* motion forthcoming)
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Facsimile:  (646) 509-2060
E-mail: mstewart@outtengolden.com

*Attorneys for Plaintiffs and the Proposed Class and Collective Members*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
## SACRAMENTO DIVISION

| | |
|---|---|
| NATHAN LANDER, ZAKEIA HAMPTON, and ARIS CIENEGA, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ECHO GLOBAL LOGISTICS, INC.,<br><br>Defendant. | Case No. _____<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Nathan Lander, Aris Cienega, and Zakeia Hampton ("Plaintiffs"), on behalf of themselves and all others similarly situated, by and through their attorneys Outten & Golden LLP, complaining of the conduct of Echo Global Logistics, Inc. ("Defendant" or "Echo Global"), allege as follows:

**PRELIMINARY STATEMENT**

1.      This lawsuit seeks to recover unpaid overtime compensation and other damages for Plaintiffs and similarly situated co-workers who have worked as exempt-classified inside salespeople at Echo Global nationwide in the roles of Client Sales Representative, Client Solutions Executive,  Inside Sales Representative, National Sales Representative, Sales Representative, Carrier Sales Representative, Carrier Development Representative, and other similar positions, however variously titled (collectively, "Sales Representatives").

2.      Echo Global is a transportation logistics company with approximately 30 branch sales offices located in approximately 13 states.

3.      Echo Global employs Sales Representatives, such as Plaintiffs, to make sales of its third-party logistics services to current and prospective clients.

4.      While employed by Echo Global, Plaintiffs consistently worked more than 8 hours per day and more than 40 hours per workweek without receiving overtime compensation for all the hours they worked.  Throughout the relevant period, it was Echo Global's policy to deprive Plaintiffs of their earned overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the California Labor Code ("Cal. Lab. Code") and applicable Wage Orders and regulations, and the California Unfair Business Practices Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (collectively, the "California Wage Laws"), and the Illinois Minimum Wage Law ("IMWL"), 820 Ill. Comp. Stat. 105/1, *et seq.*, and applicable regulations (collectively, the "Illinois Wage Laws").

5.       During the relevant period, it has been Echo Global's policy to uniformly classify Sales Representatives, including Plaintiffs, as exempt from federal and state overtime provisions and not to pay Sales Representatives any overtime wages.

6.      The primary duties of Sales Representatives are non-exempt.  These primary duties did not vary significantly from one Sales Representative to another.

CLASS AND COLLECTIVE ACTION COMPLAINT

7.     The primary duties of Sales Representatives do not fall under any of the exemptions under federal or state overtime laws.

8.     Plaintiffs and Sales Representatives have worked overtime hours, as defined by applicable federal and state laws, and are entitled to premium compensation at the appropriate rate for all overtime hours worked.

9.     Plaintiffs Lander and Hampton ("FLSA Plaintiffs") bring this action on behalf of themselves and all similarly situated current and former exempt-classified Sales Representatives of Echo Global pursuant to the FLSA.

10.     FLSA Plaintiffs seek permission to give notice of this action pursuant to 29 U.S.C. § 216(b) to all persons who are presently or have at any time since December 11, 2016, worked for Echo Global as Sales Representatives.

11.     Plaintiff Lander also brings this action to recover unpaid overtime compensation and other damages for himself and similarly situated current and former employees who worked for Echo Global in California as a Fed. R. Civ. P. 23 class action under the California Wage Laws.

12.     Plaintiff Hampton also brings this action to recover unpaid overtime compensation and other damages for herself and similarly situated current and former employees who worked for Echo Global in Illinois as a Fed. R. Civ. P. 23 class action under the Illinois Wage Laws.

13.     Plaintiff Cienega has provided written notice to the California Labor and Workforce Development Agency ("LWDA") of the legal claims and theories of this case pursuant to Cal Lab. Code § 2699.3.  In accordance with Cal. Lab. Code § 2699.3(a)(2)(A), Plaintiff Cienega will amend this Class and Collective Action Complaint to assert claims pursuant to California's Private Attorneys General Act, Cal. Labor Code §§ 2698 *et seq*. ("PAGA") on behalf of himself and other current and former employees as well as the general public to recover for violations of the California Labor Code.

14.     By agreements dated December 11, 2019 and April 29, 2020, Echo Global agreed to toll the statute of limitations for FLSA, California Wage Law, the Illinois Wage Law, and PAGA claims on behalf of Plaintiffs and similarly situated Sales Representatives from December 11, 2019 to March 19, 2021.

CLASS AND COLLECTIVE ACTION COMPLAINT

**JURISDICTION & VENUE**

15.     This Court has federal question jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

16.     This Court has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because the state law claims and the federal claims are so closely related that they form part of the same case or controversy under Article III of the United States Constitution.

17.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

18.     Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391(b) because Echo Global is subject to personal jurisdiction in this District and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

19.     Intradistrict assignment:  Pursuant to E.D. Cal. Local Rule 120(d), intradistrict assignment to the Sacramento Division is proper because a substantial part of the events that give rise to the claims asserted occurred in Sacramento County.

**THE PARTIES**

*Plaintiff Nathan Lander*

20.     Plaintiff Lander is a resident of Yolo County, California.

21.     Plaintiff Lander was employed by Echo Global in Echo Global's Sacramento, California office as a Sales Representative from approximately August 2016 to approximately March 2018.

22.     At all times relevant to the Class and Collective Action Complaint, Plaintiff Lander was an "employee" within the meaning of all applicable statutes.

23.     Plaintiff Lander regularly worked more than 40 hours in a workweek, but was not paid for all hours he worked over 40.  For example, to the best of his recollection, during the last week of July 2017, Plaintiff Lander worked approximately 10 overtime hours without compensation.

24.     A written consent form signed by Plaintiff Lander is attached hereto as **Exhibit A**.

*Plaintiff Zakeia Hampton*

25.     Plaintiff Hampton is a resident of Clark County, Nevada.

CLASS AND COLLECTIVE ACTION COMPLAINT

26.     Plaintiff Hampton was employed by Echo Global in Echo Global's Chicago, Illinois office as a Sales Representative from approximately August 2017 to approximately January 2018.

27.     At all times relevant to the Class and Collective Action Complaint, Plaintiff Hampton was an "employee" within the meaning of all applicable statutes.

28.     Plaintiff Hampton regularly worked more than 40 hours in a workweek, but was not paid for all hours she worked over 40.  For example, to the best of her recollection, in or around the last week of August or the first week of September 2017, Plaintiff Hampton worked approximately 15 overtime hours without compensation.

29.     A written consent form signed by Plaintiff Hampton is attached hereto as **Exhibit B**.

*Plaintiff Aris Cienega*

30.     Plaintiff Cienega is a resident of Sacramento County, California.

31.     Plaintiff Cienega was employed by Echo Global in Echo Global's Sacramento, California office as a Sales Representative from approximately January 2017 to approximately March 2019.

32.     At all times relevant to the Class and Collective Action Complaint, Plaintiff Cienega was an "employee" within the meaning of all applicable statutes.

*Defendant Echo Global Logistics, Inc.*

33.     Upon information and belief, Echo Global is a corporation formed under the laws of the State of Delaware with a principal place of business in Chicago, Illinois, and offices in Sacramento, California; San Ramon, California; and Yorba Linda, California.

34.     Upon information and belief, Echo Global has maintained control, oversight, and direction over its operations and employment practices.

35.     At all times hereinafter mentioned, Echo Global was Plaintiffs' "employer" within the meaning of all applicable statutes.

36.     At all relevant times, Echo Global maintained control, oversight, and direction over Plaintiffs and other Sales Representatives, including timekeeping, payroll, and other employment practices that applied to them.

CLASS AND COLLECTIVE ACTION COMPLAINT

37.     Echo Global has applied the same employment policies, practices, and procedures to Sales Representatives nationwide, including policies, practices, and procedures with respect to payment of overtime compensation.

38.     Echo Global's annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

## FLSA COLLECTIVE ACTION CLAIMS

39.     FLSA Plaintiffs bring the First Cause of Action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated persons who work or have worked for Echo Global as an exempt-classified Sales Representative nationwide since December 11, 2016 and who elect to opt-in to this action ("FLSA Collective").

40.     Upon information and belief, there are hundreds of current and former Sales Representatives who are similarly situated to FLSA Plaintiffs and were denied overtime compensation.

41.     FLSA Plaintiffs are acting on behalf of Echo Global's current and former Sales Representatives' interests as well as their own interests in bringing this action.

42.     Echo Global unlawfully required FLSA Plaintiffs and all individuals employed as Sales Representatives to work in excess of 40 hours per week without paying them overtime compensation at a rate of at least one and one-half times their regular hourly rate for all overtime hours worked.  Upon information and belief, Echo Global applied the same unlawful policies and practices to all Sales Representatives.

43.     The FLSA Collective members are readily identifiable and locatable through the use of the Echo Global's records.  The FLSA Collective should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).  Unless the Court promptly issues such a notice, the FLSA Collective, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by the Echo Global.

6

**CALIFORNIA CLASS ALLEGATIONS**

44.     Plaintiff Lander brings the Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action on his own behalf and as a class action, pursuant to Fed R. Civ. P. 23(a) and (b), on behalf of the following class of persons:

> All exempt-classified Sales Representatives who are currently or have been employed by Echo Global Logistics, Inc. in the State of California at any time since December 11, 2015 through the entry of judgment in this case (hereinafter referred to as the "California Class" and the "California Class Period," respectively).

45.     Excluded from the California Class are Echo Global's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Echo Global; the Judge(s) to whom this case is assigned and any member of the Judge(s)' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the California Class.

46.     The persons in the California Class are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Echo Global.

47.     Upon information and belief, the size of the California Class is at least 100 individuals.

48.     The Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action are properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3).  There are questions of law and fact common to the California Class that predominate over any questions solely affecting individual members of the California Class, including but not limited to:

     a.   Whether Echo Global has unlawfully failed to pay the California Class members all overtime compensation owed, in violation of the California Labor Code and related regulations, Cal. Lab. Code §§ 226, 510, and 1194; Cal. Wage Order Nos. 4-2001 and 7-2001;

     b.   Whether Echo Global has unlawfully failed to keep and furnish the California Class members with timely, accurate, and itemized records of hours worked in violation of Cal. Labor Code § 226;

c. Whether Echo Global has unlawfully failed to timely pay wages due during employment and upon separation in violation of Cal. Labor Code §§ 201, 202, 203, and 204;

d. Whether Echo Global has unlawfully failed to furnish the California Class members with proper meal and rest breaks, in violation of the California Labor Code and related regulations, Cal. Lab. Code §§ 226.7, 512 and applicable wage orders;

e. Whether Echo Global has failed to reimburse the California Class members for reasonable and necessary business expenses in violation of Cal. Labor Code § 2802;

f. Whether Echo Global has violated the California Unfair Competition Law, Cal. Bus & Prof. Code §§ 17200, *et seq.*; and

g. The nature and extent of the California Class members' injuries and the appropriate measure of their damages.

49. Plaintiff Lander fairly and adequately protects the interests of the California Class and has no interests antagonistic to the class. Plaintiff Lander is represented by attorneys who are experienced and competent in both class litigation and employment litigation.

50. A class is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where an individual plaintiff lacks the financial resources to vigorously prosecute a lawsuit in federal court against Echo Global. The damages sustained by individual class members are small compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

51. Further, Plaintiff Lander and the California Class have been equally affected by Echo Global's failure to pay proper wages and other violations. Moreover, members of the California Class still employed by Echo Global may be reluctant to raise individual claims for fear of retaliation.

52. Echo Global has acted or refused to act on grounds generally applicable to the California Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

CLASS AND COLLECTIVE ACTION COMPLAINT

53.     Plaintiff Lander's claims are typical of those of the California Class.  Plaintiff Lander and the other California Class members were subjected to Echo Global's policies, practices, programs, procedures, protocols and plans alleged herein concerning the failure to pay proper wages and the failure to keep adequate records.  Plaintiff Lander's claims are typical of those of the other class members.

54.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against Echo Global.  The members of the California Class have been damaged and are entitled to recovery as a result of Echo Global's common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual members of the California Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Echo Global's practices.

## ILLINOIS CLASS ALLEGATIONS

55.     Plaintiff Hampton brings the Ninth Cause of Action on her own behalf and as a class action, pursuant to Fed R. Civ. P. 23(a) and (b), on behalf of the following class of persons:

> All exempt-classified Sales Representatives who are currently or have been employed by the Echo Global Logistics, Inc. in the State of Illinois at any time since December 11, 2016 through the entry of judgment in this case (hereinafter referred to as the "Illinois Class" and the "Illinois Class Period," respectively).

56.     Excluded from the Illinois Class are Echo Global's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Echo Global; the Judge(s) to whom this case is assigned and any member of the Judge(s)' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Illinois Class.

57.     The persons in the Illinois Class are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Echo Global.

CLASS AND COLLECTIVE ACTION COMPLAINT

58.     Upon information and belief, the size of the Illinois Class is hundreds of individuals.

59.     The Ninth Cause of Action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3). There are questions of law and fact common to the Illinois Class that predominate over any questions solely affecting individual members of the Illinois Class, including but not limited to:

    a.  Whether Echo Global violated the Illinois Wage Laws;

    b.  Whether Echo Global failed to compensate Plaintiff Hampton and the Illinois Class for hours worked in excess of 40 hours per workweek;

    c.  Whether Echo Global failed to keep true and accurate time records for all hours worked by Plaintiff Hampton and the Illinois Class; and

    d.  The nature and extent of Illinois Class-wide injury and the appropriate measure of damages for the Illinois Class.

60.     Plaintiff Hampton fairly and adequately protects the interests of the Illinois Class and has no interests antagonistic to the class. Plaintiff Hampton is represented by attorneys who are experienced and competent in both class litigation and employment litigation.

61.     A class is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where an individual plaintiff lacks the financial resources to vigorously prosecute a lawsuit in federal court against the corporate Echo Global. The damages sustained by individual class members are small compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

62.     Further, Plaintiff Hampton and the Illinois Class have been equally affected by the Echo Global's failure to pay proper wages. Moreover, members of the Illinois Class still employed by the Echo Global may be reluctant to raise individual claims for fear of retaliation.

CLASS AND COLLECTIVE ACTION COMPLAINT

63.     Echo Global has acted or refused to act on grounds generally applicable to the Illinois Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

64.     Plaintiff Hampton's claims are typical of those of the Illinois Class. Plaintiff Hampton and the other Illinois Class members were subjected to the Echo Global's policies, practices, programs, procedures, protocols and plans alleged herein concerning the failure to pay proper wages and the failure to keep adequate records. Plaintiff Hampton's claims are typical of those of the other class members.

65.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against the corporate Echo Global. The members of the Illinois Class have been damaged and are entitled to recovery as a result of Echo Global's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the Illinois Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Echo Global's practices.

**COMMON FACTUAL ALLEGATIONS**

66.     Plaintiffs and the members of the FLSA Collective, the California Class, and the Illinois Class (collectively, "Class Members") have been victims of Echo Global's common policy and plan that has violated their rights under the FLSA, California Wage Laws, and Illinois Wage Laws by requiring Sales Representatives to work in excess of 40 hours per week and in excess of 8 hours per day, and denying them overtime compensation for all overtime hours worked. At all times relevant, Echo Global's unlawful policy and pattern or practice has been willful.

67.     Sales Representatives' primary duties were non-exempt duties, specifically, identifying business opportunities, engaging with current and potential customers by phone and email, and making sales of Echo Global's third-party logistics services.

CLASS AND COLLECTIVE ACTION COMPLAINT

68. Although Plaintiffs and other Sales Representatives were eligible to earn commissions based on various performance indicators, these commissions did not constitute the majority of their earnings.

69. Throughout their employment, Plaintiffs and Class Members consistently worked more than 40 hours per week and 8 hours per day.

70. Echo Global was aware that Plaintiffs and the Class Members worked more than 40 hours per workweek and 8 hours per day, yet Echo Global failed to pay them any overtime compensation.

71. Echo Global did not keep accurate records of hours worked by Plaintiffs.

72. All of the work performed by Plaintiffs and Class Members was assigned by Echo Global and Echo Global was aware that Plaintiffs and Class Members regularly worked overtime hours.

73. Echo Global failed to pay Plaintiffs and Class Members time and one-half for all hours worked over 40 in a workweek in violation of the FLSA.

74. Echo Global failed to pay Plaintiff Lander and California Class members overtime compensation for all of their overtime hours worked, including for any of the overtime hours they worked over 8 in a workday and over 40 in a workweek.

75. Echo Global failed to furnish Plaintiff Lander and the California Class members with an accurate itemized statement showing, *inter alia*, wages, hours worked, and rates paid as required by the California Wage Laws.

76. Echo Global failed to timely pay Plaintiff Lander and the California Class Members all wages earned and unpaid at the time of separation from employment.

77. Plaintiff Lander and all California Class members who ceased employment with Echo Global are entitled to unpaid compensation, but to date have not received such compensation.

78. Echo Global failed to timely pay Plaintiff Lander and the California Class Members all wages due and payable twice during each calendar month, on days designated in advance by the employer as regular pay days.

CLASS AND COLLECTIVE ACTION COMPLAINT

79. Echo Global failed to provide Plaintiff Lander and California Class members with at least a half-hour meal break in which they were relieved of all duty, and, for shifts of more than ten-hour shifts, a second half-hour meal break in which they were relieved of all duty, as required by the California Wage Laws.

80. Echo Global failed to provide Plaintiff Lander and California Class members with at least one ten-minute rest break, in which they were relieved of all duty, for every four hours of work or major faction thereof that they performed, as required by the California Wage Laws.

81. Echo Global also required Plaintiff Lander and California Class members to use their personal cell phone for business purposes and did not reimburse them for a reasonable percentage of their cell phone bills.

82. As part of its regular business practice, Echo Global intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy that violates the FLSA, California Wage Laws, and Illinois Wage Laws.

83. Echo Global's policy and pattern or practice includes but is not limited to:

   a. Willfully misclassifying Plaintiffs and Class Members as exempt from the protections of federal and state overtime laws;

   b. Willfully failing to record the time that its employees, including Plaintiffs and Class Members, worked for the benefit of Echo Global;

   c. Willfully failing to keep payroll records as required by the FLSA, California Wage Laws, and Illinois Wage Laws;

   d. Willfully failing to timely pay wages as required by the California Wage Laws; and

   e. Willfully failing to pay its employees, including Plaintiffs and Class Members, overtime wages for all of the overtime hours that they worked.

84. Echo Global was or should have been aware that the FLSA required it to pay its Sales Representatives overtime compensation for all hours worked.

85. Echo Global's failure to pay Plaintiffs and Class Members overtime wages for their work in excess of 40 hours per week was willful, intentional, and in bad faith.

86. Echo Global's unlawful conduct has been widespread, repeated, and consistent.

CLASS AND COLLECTIVE ACTION COMPLAINT

**FIRST CAUSE OF ACTION**
**FLSA – Overtime Wages**
**29 U.S.C. §§ 201, *et seq.***
**(Brought by FLSA Plaintiffs Individually and on Behalf of the FLSA Collective)**

87.     FLSA Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

88.     FLSA Plaintiffs and members of the FLSA Collective are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

89.     Echo Global employed FLSA Plaintiffs and members of the FLSA Collective for workweeks longer than 40 hours and willfully failed to compensate FLSA Plaintiffs for all of the time worked in excess of 40 hours per week, at a rate of at least one and one-half times their regular hourly rate, in violation of the requirements of Section 7 of the FLSA, 29 U.S.C. § 207(a)(1).

90.     FLSA Plaintiffs have consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

91.     Echo Global's violations of the FLSA, as described in this Complaint, were willful and intentional.

92.     Echo Global failed to make a good faith effort to comply with the FLSA with respect to its compensation of FLSA Plaintiffs and other similarly situated current and former employees.

93.     Because Echo Global's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

94.     As a result of Echo Global's willful violations of the FLSA, FLSA Plaintiffs and all other similarly situated employees suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201, *et seq.*

95.     As a result of the unlawful acts of Echo Global, FLSA Plaintiffs and other similarly situated current and former employees were deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

14

**SECOND CAUSE OF ACTION**
**California Wage Laws – Overtime Wages**
**California Wage Order Nos. 4-2001 & 7-2001; Cal. Lab. Code §§ 510, 1194, 1198**
**(Brought by Plaintiff Lander Individually and on Behalf of the California Class)**

96.    Plaintiff Lander realleges and incorporates by reference all allegations in all preceding paragraphs.

97.    California law requires employers, such as Echo Global, to pay overtime compensation to all non-exempt employees for all hours worked over 40 per workweek and over 8 per day.

98.    Plaintiff Lander and the California Class members are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

99.    At all relevant times, Plaintiff Lander and the California Class members worked in excess of 40 hours in a workweek and 8 hours in a workday.

100.   At all relevant times, Echo Global failed and refused to pay Plaintiff Lander and the California Class members overtime compensation for all of their overtime hours worked.

101.   As a direct and proximate result of Echo Global's unlawful conduct, as set forth herein, Plaintiff Lander and the California Class members have sustained damages, including loss of earnings for hours of overtime worked for the benefit of Echo Global in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

**THIRD CAUSE OF ACTION**
**California Wage Laws – Wage Statement Claim**
**California Wage Order Nos. 4-2001 & 7-2001; Cal. Lab. Code § 226**
**(Brought by Plaintiff Individually and on Behalf of the California Class)**

102.   Plaintiff Lander realleges and incorporates by reference all allegations in all preceding paragraphs.

103.   Echo Global knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, all hours worked, to Plaintiff Lander and the California Class members in accordance with California Wage Order Nos. 4-2001 and 7-2001 and California Labor Code § 226(a).  Such failure caused injury to Plaintiff Lander and the California Class members, by, among other things, impeding them from knowing the amount of wages to which they are and were entitled.

15

CLASS AND COLLECTIVE ACTION COMPLAINT

104.     Echo Global's failure to provide accurate wage statements is "knowing and intentional" under Labor Code § 226(e) because Echo Global knows that its wage statements do not accurately report hours worked or accurately report gross and net wages earned.  Plaintiff Lander and California Class members suffer injury as a result of Echo Global's violation of Labor Code § 226 because Plaintiff Lander and Class members cannot promptly and easily determine from the wage statement alone their hours worked and actual total gross and net wages earned.

105.     Plaintiff Lander, on behalf of himself and California Class members, seeks to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurred and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), as well as costs and attorneys' fees.

**FOURTH CAUSE OF ACTION**
**California Wage Laws – Wage Payment Provisions**
**Cal. Lab. Code §§ 201, 202, & 203**
**(Brought by Plaintiff Lander Individually and on Behalf of the California Class)**

106.     Plaintiff Lander realleges and incorporates by reference all allegations in all preceding paragraphs.

107.     California Labor Code §§ 201 and 202 require Echo Global to pay their employees all wages due upon termination within the time specified by law.  California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty (30) days of wages.

108.     Echo Global's failure to pay timely wages at separation is willful under Labor Code § 203 because Echo Global knew or should have known that Plaintiff Lander and California Class members worked overtime hours, yet it failed to pay them overtime premiums for the work they performed upon the termination of their employment.

109.     Plaintiff Lander and all California Class members who ceased employment with Echo Global are entitled to unpaid compensation, but to date have not received such compensation.

110.     More than thirty (30) days have passed since Plaintiff Lander and certain California Class members left Echo Global's employ.

CLASS AND COLLECTIVE ACTION COMPLAINT

111.    Plaintiff Lander, on behalf of himself and the California Class members, seeks waiting time penalties pursuant to California Labor Code § 203, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## FIFTH CAUSE OF ACTION
### (Failure to Timely Pay Wages By Each Payroll Period, Cal. Labor Code §§ 204, 210, Brought by Plaintiff Lander Individually and on Behalf of the California Class)

112.    Plaintiff Lander realleges and incorporates by reference all allegations in all preceding paragraphs.

113.    California Labor Code § 204 requires Echo Global to timely pay Plaintiff Lander and California Class members their earned overtime premiums by the payroll periods specified by the statute.

114.    Echo Global's failure to timely pay Plaintiff Lander and California Class members their wages earned by each payroll period was and is willful.  Echo Global knew or should have known that Plaintiff Lander and California Class members were not paid for overtime hours, yet it failed to pay them their earned wages within the payroll periods specified by the statute.

115.    California Labor Code § 210(a) provides that employers who fail to pay wages as provided in § 204 are subject to statutory penalties of: (1) one hundred dollars ($100) for each failure to pay each employee for any initial violation; and (2) two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld, for each subsequent violation, or any willful or intentional violation.

116.    Plaintiff Lander, on behalf of himself and the California Class members, seeks penalties pursuant to California Labor Code § 210, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## SIXTH CAUSE OF ACTION
### California Wage Laws – Meal and Rest Period Provisions
### Cal. Wage Order Nos. 4-2001 & 7-2001; Cal. Labor Code §§ 218.5, 226.7, & 512
### (Brought by Plaintiff Lander Individually and on Behalf of the California Class)

117.    Plaintiff Lander realleges and incorporates by reference all allegations in all preceding paragraphs.

17

118.    Plaintiff Lander and the California Class members regularly work and have worked in excess of five-hour shifts without being afforded at least a half-hour meal break in which they were relieved of all duty, and more than ten-hour shifts without being afforded a second half-hour meal break in which they were relieved of all duty, as required by California Labor Code §§ 226.7 and 512 and Wage Order Nos. 4-2001 and 7-2001, § 11.

119.    In addition, Plaintiff Lander and the California Class members regularly work and have worked without being afforded at least one ten-minute rest break, in which they were relieved of all duty, per every four hours of work or major fraction thereof that they performed, as required by California Labor Code § 226.7 and Wage Order Nos. 4-2001 and 7-2001, § 12.

120.    As a result of Echo Global's failure to afford proper meal periods, Echo Global is liable to Plaintiff Lander and the California Class members for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to Labor Code § 226.7 and Wage Order Nos. 4-2001 and 7-2001, § 11.

121.    As a result of Echo Global's failure to afford proper rest periods, Echo Global is liable to Plaintiff Lander and the California Class members for one hour of additional pay at the regular rate of compensation for each workday that the proper rest periods were not provided, pursuant to California Labor Code § 226.7 and Wage Order Nos. 4-2001 and 7-2001, § 12.

**SEVENTH CAUSE OF ACTION**
**California Wage Laws – Business Expenses**
**Cal. Labor Code § 2802; Cal. Wage Order Nos. 4-2001 & 7-2001**
**(Brought by Plaintiff Lander Individually and on Behalf of the California Class)**

122.    Plaintiff Lander realleges and incorporates by reference all allegations in all preceding paragraphs.

123.    California Labor Code § 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

124.     Echo Global failed to indemnify and reimburse Plaintiff Lander and the California Class members for necessary expenditures, including but not limited to personal cell phone use, that they incurred as a direct result of the duties they performed for Echo Global's benefit and/or at Echo Global's direction.

125.     As a result, Plaintiff Lander seeks unreimbursed expenses, penalties, interest, costs incurred, and attorneys' fees pursuant to California Labor Code § 2802(b).

**<ins>EIGHTH CAUSE OF ACTION</ins>**
**California Wage Laws – Unfair Competition**
**California Business & Professions Code §§ 17200, *et seq*.**
**(Brought by Plaintiff Lander Individually and on Behalf of the California Class)**

126.     Plaintiff Lander realleges and incorporates by reference all allegations in all preceding paragraphs.

127.     The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL").  The UCL prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices.

128.     Echo Global committed, and continues to commit, acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described herein.  Echo Global's conduct as alleged herein has injured Plaintiff Lander and the California Class members by wrongfully denying them earned wages, and therefore was substantially injurious to them.

129.     Echo Global engaged in unfair competition in violation of the UCL by violating, *inter alia*, each of the following laws.  Each of these violations constitutes an independent and separate violation of the UCL:

a.   Failure to pay overtime compensation in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.* and Cal. Lab. Code §§ 510, 1194, 1198, and Wage Order Nos. 4-2001 and 7-2001;

b.   Failure to timely pay wages due to Plaintiffs and separated California Class members upon termination of employment Cal. Lab. Code §§ 201-203;

c.   Failure to timely pay wages due to Plaintiffs and California Class members by the payroll periods specified by the statute in violation of Cal. Lab. Code § 204;

CLASS AND COLLECTIVE ACTION COMPLAINT

d.    Failure to provide proper meal and rest breaks in violation of Cal. Lab. Code §§ 226.7, 512, and Wage Order Nos. 4-2001 and 7-2001;

e.    Failure to keep proper payroll records and provide accurate wages statements in violation of Cal. Lab. Code §§ 226, 1174, and Wage Order Nos. 4-2001 and 7-2001;

f.    Failure to provide for the reimbursement of Plaintiff Lander's and California Class members' expenses incurred while carrying out their employment or to comply with Echo Global's requirements, in violation of Cal. Lab. Code § 2802 and Wage Order Nos. 4-2001 and 7-2001.

130.    Echo Global's course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL. Echo Global's conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

131.    The unlawful and unfair business practices and acts of Echo Global, described above, have injured Plaintiff Lander and the California Class members in that they were wrongfully denied the payment of earned overtime wages.

132.    Plaintiff Lander, individually and on behalf of the California Class, seeks recovery of attorneys' fees and costs of this action to be paid by Echo Global, as provided by the UCL and Cal. Lab. Code §§ 218, 218.5, and 1194.

133.    Plaintiff Lander, individually and on behalf of the California Class, seeks restitution in the amount of the respective unpaid wages earned and due, including for unpaid overtime at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, or 8 hours in a day, and double the regular rate of pay for work performed in excess of 12 hours per day.

**NINTH CAUSE OF ACTION**
**Illinois Wage Laws – Overtime Wages**
**820 Ill. Comp. Stat. 105/1, *et seq*.**
**(Brought by Plaintiff Hampton Individually and on Behalf of the Illinois Class)**

134.    Plaintiff Hampton realleges and incorporates by reference all allegations in all preceding paragraphs.

20

135.    At all times relevant, Plaintiff Hampton and the members of the Illinois Class have been employees and Echo Global has been their employer within the meaning of the Illinois Wage Laws. Plaintiff Hampton and the members of the Illinois Class are covered by the Illinois Wage Laws.

136.    Echo Global employed Plaintiff Hampton and the members of the Illinois Class.

137.    Echo Global failed to pay Plaintiff Hampton and the members of the Illinois Class wages to which they are entitled under the Illinois Wage Laws.  Echo Global failed to pay Plaintiff Hampton and the members of the Illinois Class for overtime at a rate of one and one-half times their regular rate of pay.

138.    Echo Global failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff Hampton and the Illinois Class members.

139.    Due to Echo Global's intentional and willful violations of the Illinois Wage Laws, Plaintiff Hampton and the members of the Illinois Class are entitled to recover from Echo Global their unpaid wages (including overtime wages), treble damages, reasonable attorneys' fees and costs of the action, pre-judgment interest, 5% interest per month interest in accordance with the Illinois Wage Laws, and such other relief as provided by law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, FLSA Plaintiffs, individually and on behalf of the FLSA Collective, request the following relief:

A.    Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b);

B.    An award of damages, according to proof, including liquidated damages, to be paid by Echo Global;

C.    Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Echo Global from continuing its unlawful practices under the FLSA and/or a declaration that Echo Global's acts violate the FLSA;

CLASS AND COLLECTIVE ACTION COMPLAINT

D.     A reasonable service award for each FLSA Plaintiff to compensate them for the time they spent attempting to recover wages for the FLSA Collective and for the risks they took in doing so;

E.     Costs of the action incurred herein;

F.     Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

G.     Post-judgment interest, as provided by law;

H.     Such other relief as this Court deems necessary, just, and proper.

**WHEREFORE**, Plaintiff Lander on behalf of himself and all California Class members he seeks to represent, requests the following relief:

A.     Certification of this action as a class action on behalf of the California Class;

B.     Designation of Plaintiff Lander as Representative of the California Class he seeks to represent;

C.     Designation of Plaintiff Lander's counsel of record as Class Counsel for the California Class;

D.     Appropriate statutory penalties;

E.     An award of damages, liquidated damages, and restitution to be paid by Echo Global according to proof;

F.     Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Echo Global from continuing its unlawful practices under the California Wage Laws and/or a declaration that Echo Global's acts violate the California Wage Laws;

G.     A reasonable service award to compensate Plaintiff Lander for the time he spent attempting to recover wages for the California Class members and for the risks he took in doing so;

H.     Attorneys' fees and costs of suit;

I.     Prejudgment and post-judgment interest, as provided by law; and

J.     Such other relief as the Court may deem just and proper;

CLASS AND COLLECTIVE ACTION COMPLAINT

**WHEREFORE**, Plaintiff Hampton on behalf of herself and all Illinois Class members she seeks to represents, requests the following relief:

A.     Certification of this action as a class action on behalf of the Illinois Class;

B.     Designation of Plaintiff Hampton as Representative of the Illinois Class she seeks to represent;

C.     Designation of Plaintiff Hampton's counsel of record as Class Counsel for the Illinois Class;

D.     Unpaid overtime pay, treble damages, statutory penalties, and restitution pursuant to the Illinois Wage Laws;

E.     Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Echo Global from continuing their unlawful practices and/or a declaration that Echo Global's acts violate the law;

F.     A reasonable service award to compensate Plaintiff Hampton for the time she spent attempting to recover wages for the Illinois Class members and for the risks she took in doing so;

G.     Reasonable attorneys' fees and costs of the action;

H.     Pre-judgment and post-judgment interest as provided by Illinois law, including interest on all unpaid wages at the statutory rate of 5% per month; and

I.     Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Dated: San Francisco, California
      March 23, 2021               Respectfully submitted,

                             By: *_/s/ Jahan C. Sagafi_*
                                Jahan C. Sagafi

CLASS AND COLLECTIVE ACTION COMPLAINT

1

2 Jahan C. Sagafi (Cal. Bar No. 224887)
OUTTEN & GOLDEN LLP
3 One California Street, 12th Floor
San Francisco, CA 94111
4 Telephone: (415) 638-8800
Facsimile:  (415) 638-8810
5 E-Mail: jsagafi@outtengolden.com

6 Melissa L. Stewart (*pro hac vice* motion
forthcoming)
7 OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
8 New York, NY 10017
Telephone: (212) 245-1000
9 Facsimile:  (646) 509-2060
E-mail: mstewart@outtengolden.com
10

11 *Attorneys for Plaintiffs and Proposed Class and*
*Collective Members*
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS AND COLLECTIVE ACTION COMPLAINT