| | |
|---|---|
| JAHAN C. SAGAFI (Cal Bar No. 224887)<br>Molly J. Frandsen (Cal. Bar No. 320094)<br>OUTTEN & GOLDEN LLP<br>One California Street, 12th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 638-8800<br>Facsimile: (415) 638-8810<br>E-Mail: jsagafi@outtengolden.com<br>E-Mail: mfrandsen@outtengolden.com<br><br>Melissa L. Stewart (admitted *pro hac vice*)<br>OUTTEN & GOLDEN LLP<br>685 Third Avenue, 25th Floor<br>New York, NY 10017<br>Telephone: (212) 245-1000<br>Facsimile: (646) 509-2060<br>E-Mail: mstewart@outtengolden.com<br><br>*Attorneys for Plaintiffs and the Proposed Class and Collective Members* | EVAN R. MOSES, CA Bar No. 198099<br>evan.moses@ogletree.com<br>OGLETREE, DEAKINS, NASH, SMOAK<br>& STEWART, P.C.<br>400 South Hope Street, Suite 1200<br>Los Angeles, CA 90071<br>Telephone: 213-239-9800<br>Facsimile: 213-239-9045<br><br>LAURA R. PETROFF, CA Bar No. 123215<br>lpetroff@winston.com<br>WINSTON & STRAWN LLP<br>333 S Grand Ave, 38th Floor<br>Los Angeles, CA 90071<br>Telephone: 213-615-1736<br>Facsimile: 213-615-1750<br><br>*Attorneys for Defendant* |

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

| | |
|---|---|
| ARIS CIENEGA and ZAKEIA HAMPTON, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>ECHO GLOBAL LOGISTICS, INC.,<br><br>    Defendant. | Case No. 21-cv-00533-KJM-JDP<br><br>**JOINT APPLICATION AND ORDER TO STAY CONDITIONAL CERTIFICATION BRIEFING AND SET BRIEFING SCHEDULE FOR DEFENDANT'S MOTION TO DISMISS**<br><br>The Hon. Kimberly J. Mueller |

1    Plaintiffs Aris Cienega and Zakeia Hampton ("Plaintiffs") and Defendant Echo Global
2 Logistics, Inc. ("Echo") (collectively, the "Parties"), by and through their respective counsel,
3 hereby submit this Joint Application to Stay Conditional Certification Briefing and Set Briefing
4 Schedule on Defendant's Motion to Dismiss.
5    Named Plaintiffs Aris Cienega and Zakeia Hampton allege that Echo misclassified them
6 and other sales representatives as overtime exempt, in violation of applicable federal and state
7 laws. Named Plaintiffs seek to proceed on behalf of a putative nationwide collective and
8 putative California and Illinois Classes. Four additional Opt-in Plaintiffs from California,
9 Illinois, and Massachusetts have joined the action to date.
10   On May 6, 2021, Named Plaintiffs filed a Motion for Conditional Certification and
11 Issuance of Court-Authorized Notice Pursuant to 29 U.S.C. 216(b) ("216(b) Briefing"), noticed
12 for the Court's June 18, 2021 hearing date. Echo's current deadline for its Opposition to
13 Plaintiffs' Motion is June 4, 2021.
14   Additionally, since April 14, 2021, the Parties have met and conferred, pursuant to the
15 Court's Individual Rule 4(a), regarding Defendant's forthcoming Motion to Transfer or Dismiss,
16 in which Defendant seeks, *inter alia*, to transfer this entire action to the Northern District of
17 Illinois where Defendant is subject to general jurisdiction or, in the alternative, to dismiss the
18 claims of Plaintiff Hampton and out-of-state putative collective members based on lack of
19 personal jurisdiction. On May 11, 2021, Defendant stated that it would file an *ex parte* motion
20 asking the Court to stay 216(b) Briefing, contending that, based on Echo's position that the Court
21 lacks personal jurisdiction over out-of-state collective members, forcing Echo to litigate the issue
22 in California violates its rights to due process.
23   Although the Parties disagree regarding these issues, the Parties have agreed to a stay of
24 216(b) Briefing in exchange for an agreement to toll the applicable statues of limitations for the
25 putative Illinois class members' state law claims pled in the case; and for putative collective
26 members' and out-of-state Opt-in Plaintiffs' FLSA claims, as set forth in the Parties' separate
27 tolling agreement.
28

In light of this accord, the Parties agree that good cause exists for the stay of 216(b) Briefing until after the Court's order on Defendant's forthcoming Motion to Transfer or Dismiss, because the stay will conserve resources for the Parties and the Court.

The Parties further agree, pursuant to their ongoing meet and confer discussions, that Plaintiffs will file a Second Amended Complaint on May 28, 2021, amended to reflect certain issues resolved through the Parties' meet and confer efforts and to add a Private Attorneys' General Act ("PAGA") claim after the expiration of the administrative exhaustion period.

The Parties also agree to the following briefing schedule on Defendant's forthcoming Motion to Transfer or Dismiss: Defendant will file its Motion to Transfer or Dismiss on June 4, 2021, Noticed for the Court's August 6, 2021 hearing date; Plaintiffs will file their Opposition on or before July 2, 2021; and Defendant will file its Reply on or before July 16, 2021.

The initial Status Conference is set for August 5, 2021 and the Court has not yet set a discovery cutoff date; the last date for hearing motions; or the trial date. The Parties have not previously requested an extension or stay of deadlines from the Court.

Accordingly, the Parties hereby respectfully request that the Court enter an order:

1. Staying Defendant's Opposition to Plaintiffs' Motion for Conditional Certification through the pendency of the resolution of Defendant's forthcoming Motion to Transfer or Dismiss;

2. Granting Plaintiffs leave to file a Second Amended Complaint on May 28, 2021;

3. Setting the following briefing schedule:
    a. Defendant's Deadline to file its Motion to Transfer or Dismiss is June 4, 2021;
    b. Plaintiffs' Deadline to file its Opposition to the Motion to Transfer or Dismiss is July 2, 2021;
    c. Defendant's Deadline to file its Reply in Support of its Motion to Transfer or Dismiss is July 16, 2021.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: May 26, 2021 | Respectfully submitted, |
| 3 | | |
| | OUTTEN & GOLDEN LLP | OGLETREE, DEAKINS, NASH, |
| 4 | | SMOAK & STEWART, P.C./WINSTON |
| | | & STRAWN LLP |
| 5 | | |
| 6 | By: */s/ Jahan C. Sagafi* | By: */s/ Evan R. Moses* |
| 7 | Jahan C. Sagafi | Evan R. Moses |
| | Melissa Stewart | Laura R. Petroff |
| 8 | Molly J. Frandsen | |
| 9 | | |
| 10 | *Attorneys for Plaintiffs and the Proposed Class and Collective Members* | *Attorneys for Defendant* |

3

**ORDER**

The parties filed a Joint Application to Stay Conditional Certification Briefing and Set Briefing Schedule on Defendant's Motion to Dismiss, ECF No. 19. Good cause appearing, the court approves the parties' application and ORDERS:

1. Defendant's opposition to plaintiffs' Motion for Conditional Certification is stayed through the pendency of the resolution of defendant's Motion to Transfer or Dismiss, ECF No. 22;

2. Plaintiffs shall file their opposition to the Motion to Transfer or Dismiss by July 2, 2021; and

3. Defendant shall file its Reply in Support of its Motion to Transfer or Dismiss by July 16, 2021.

IT IS SO ORDERED.

This order resolves ECF No. 19.

DATED: June 21, 2021.

CHIEF UNITED STATES DISTRICT JUDGE