UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Aris Cienega, et al., | No. 2:21-cv-00533-KJM-JDP |
| Plaintiffs, | ORDER |
| v. | |
| Echo Global Logistics, Inc., | |
| Defendant. | |

Plaintiffs bring this class action alleging violations of California, Illinois and federal overtime law. Defendant Echo Global Logistics moves to transfer this matter to the Northern District of Illinois. Alternatively, Echo seeks to dismiss or strike from the complaint claims one, three, five, seven and eight. For the reasons stated below, the court **grants the motion to transfer.**

I.  BACKGROUND

Echo Global Logistics employed Aris Cienega and Zakeia Hampton as sales representatives. Second Am. Compl. (SAC) ¶¶ 1, 22, 27, ECF No. 21. Cienega is a resident of Sacramento County and worked in Echo's Sacramento Office for two years. *Id.* ¶¶ 21–22. Hampton is a resident of Clark County, Nevada and worked in the Chicago office for about five months. *Id.* ¶¶ 26–27. Cienega and Hampton allege they "consistently worked more than 8 hours per day and more than 40 hours per workweek without receiving overtime compensation for all

1

the hours they worked." *Id.* ¶ 4. They claim Echo had a policy of "depriv[ing] [p]laintiffs of their earned overtime wages." *Id.* They bring this action alleging Echo violated federal, California and Illinois law and "seek[] to recover unpaid overtime compensation and other damages for [themselves] and similarly situated co-workers." *Id.* ¶¶ 1, 4. They identify three classes and collectives:

> **1.    The Fair Labor Standards Act (FLSA) Collective Action claims**, brought under the Fair Labor Standards Act, 29 U.S.C. § 216(b), on behalf of those who "worked for Echo as an exempt-classified Sales Representative nationwide since December 11, 2016." *Id.* ¶ 39.
>
> **2.    California Class Allegations**, brought on behalf of "[a]ll exempt-classified Sales Representatives who are . . . or have been employed by [Echo] in the State of California at any time since December 11, 2015. . . " *Id.* ¶ 44.
>
> **3.    Illinois Class Allegations**, brought on behalf of "[a]ll exempt-classified Sales Representatives who are . . . or have been employed by [Echo] in the State of Illinois at any time since December 11, 2015. . . " *Id.* ¶ 55.

Echo is incorporated in Delaware and has its headquarters in Illinois. Frey Decl. ¶ 2, ECF No. 22-1; SAC ¶ 32. It has more than 30 offices throughout the country, including three in California, SAC ¶ 2, one of which is in this district, *id.* ¶ 22. Since 2005, Echo's human resources department has been based in its Chicago office. Frey Decl. ¶ 6. According to its Chief Human Resources Officer, "decisions and discussions about company-wide employment practices and policies are all made by employees" in Chicago. *Id.* This includes decisions about "whether specific employees are exempt or non-exempt from overtime" and "broader" discussions about how the company's employees are classified. *Id.* ¶ 7. Employees in the Chicago office also make decisions about Echo's employees' job responsibilities and the company's training programs. *Id.* ¶ 9. The company's payroll department, its compensation and timekeeping records, and the employees who manage those files are all in Chicago, as are the employees who run the company's information technology department. *Id.* ¶ 10. Based on Echo's records, about 1,300 of the employees who might fall within the collective or classes identified above worked in Illinois, and about 200 worked in California. *Id.* ¶ 12.

2

The operative complaint asserts nine claims: 1) failure to pay overtime in violation of the FLSA, 29 U.S.C. § 201; 2) failure to pay overtime in violation of California law, Cal. Lab. Code §§ 510, 1194, 1198; 3) failure to provide wage statements in violation of California law, *id.* § 226; 4) failure to pay all wages upon termination in violation of California law, *id.* §§ 201, 202 & 203; 5) failure to timely pay wages in violation of California law, *id.* §§ 204, 210; 6) failure to indemnify and reimburse business expenses in violation of California law, *id.* § 2802; 7) unfair competition in violation of California law, Cal. Bus. & Prof. Code § 17200, *et seq.*; 8) failure to pay overtime in violation of Illinois law, 820 Ill. Comp. Stat. 105/1, *et seq.*; and 9) violation of the California Private Attorneys General Act, Cal. Lab. Code § 2698.

Echo now moves to transfer this action to the United States District Court for the Northern District of Illinois or, in the alternative, to dismiss or strike certain claims.[1] Mot., ECF No. 22. The matter is fully briefed. Opp'n, ECF No. 26; Reply, ECF No. 28. The court held a hearing on the motions, with Molly J. Frandsen and Jahan Sagafi appearing for plaintiffs and Evan Moses and Laura Petroff appearing for defendants, and thereafter submitted the matter.

## II. EVIDENTIARY OBJECTIONS

Cienega filed a declaration in support of the plaintiffs' opposition. *See generally* Cienega Decl., ECF No. 26-2. In the declaration, he identifies his former supervisors and avers they knew of his job duties; he writes he "believe[s] that all of [his] managers . . . observed [him] performing work outside of [his] scheduled shifts." *Id*. ¶ 8. He "believe[s] this because [his managers] instructed [him]" to not record his overtime hours. *Id.* Echo objects to this declaration based on lack of personal knowledge, relevance and vagueness. *See generally* Obj., ECF No. 29. Cienega's statements are neither speculative nor vague, and the court has not relied on any of his averments about events or facts for which he has no personal knowledge. *See* Fed. R. Evid. 602 ("Evidence to prove personal knowledge may consist of the witness's own testimony."). Nor has the court relied on irrelevant statements in resolving this motion. The objections are overruled.

---

[1] Plaintiffs' motion for preliminary class certification also is pending before the court. ECF No. 14. The court has held that motion in abeyance, pending the outcome of this motion. Stip., ECF No. 19; Minute Order, ECF No. 23.

### III. LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). In conducting this "individualized, case-by-case consideration," the Ninth Circuit has suggested a non-exhaustive list of wide-ranging public and private factors for district courts to weigh. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000). Guided by these *Jones* factors, district courts within this circuit have also considered additional factors to resolve transfer motions. *See Rubio v. Monsanto Co.*, 181 F. Supp. 3d 746, 759 (C.D. Cal. 2016); *Noriesta v. Konica Minolta Bus. Sols. U.S.A., Inc.*, No. 19-620, 2019 WL 6482222, at *5 (C.D. Cal. July 8, 2019); *Metz v. U.S. Life Ins. Co. in City of New York*, 674 F. Supp. 2d 1141, 1146 (C.D. Cal. 2009).

Here, the court considers the following relevant factors:

1. "the plaintiff's choice of forum," *Jones*, 211 F.3d at 498–99;
2. "the interests of the potential forum states in adjudicating this dispute," *Noriesta*, 2019 WL 6482222, at *5;
3. "administrative considerations" such as relative docket congestion, *Rubio*, 181 F. Supp. 3d at 763;
4. "which forum's law applies," *Rubio*, 181 F. Supp. 3d at 763;
5. "the state that is most familiar with the governing law," *Jones*, 211 F.3d at 498–99;
6. "the availability of compulsory process to compel attendance of unwilling non-party witnesses," *id.*;
7. "the ease of access to sources of proof," *id.*;
8. "the interests of justice," *Rubio*, 181 F. Supp. 3d at 763; and
9. "the respective parties' contacts with the forum," *Jones*, 211 F.3d at 498–99.

/////

The moving party bears the burden of showing transfer is appropriate. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979), *opinion modified on other grounds*, 828 F.2d 1445 (9th Cir. 1987). The court may consider evidence outside the pleadings, including declarations. *Cadenasso v. Metro. Life Ins. Co.*, No. 13-5491, 2014 WL 1510853, at *2 n.2 (N.D. Cal. Apr. 15, 2014).

### IV. ANALYSIS

Plaintiffs do not dispute that this matter could have been brought in the Northern District of Illinois because Echo is subject to that court's general personal jurisdiction. Mot. at 3; 28 U.S.C. § 1404(a); 28 U.S.C. §§ 1391(b) & (c)(2). The court therefore turns to the statutory considerations and the relevant factors as set forth in the case law including *Jones*, *supra*.

Many of these factors favor neither party's position or are effectively a wash. For example, plaintiffs' choice of this forum does not carry significant weight here, even though "[g]enerally, . . . [it] is treated with great deference, and only significant inconvenience or unfairness will justify transfer." *Shultz v. Hyatt Vacation Mktg. Corp.*, No. 10-04568, 2011 WL 768735, at *3 (N.D. Cal. Feb. 28, 2011). In this case most of the challenged policies and employment decisions were created and made in Illinois, and the overwhelming majority of the proposed class members worked in Illinois, so this District has only incidental contacts "with the activities alleged in the complaint." *Cohen v. State Farm and Cas. Co.*, No. 09-1051, 2009 WL 2500729, at *3 (E.D. Cal. Aug. 14, 2009). The fact that one plaintiff lives in this District does not serve as a counterweight. *Id.* Given that plaintiffs ask to represent a nationwide class, that less than one-fourth of the class is located here also weighs against this district as the most appropriate forum. *Teets v. Great-W. Life & Annuity Ins. Co.*, No. 14-1360, 2014 WL 4187306, at *2 (E.D. Cal. Aug. 21, 2014); *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). Plaintiffs' choice of forum is entitled to minimal deference.

Neither California nor Illinois has a significantly greater policy interest in this action. Illinois has an interest "in deciding controversies involving businesses headquartered there" and a large number of Illinois residents as well. *Noriesta*, 2019 WL 6482222, at *5; *Cowley v. Prudential Sec.*, Inc., No. 19-1472, 2020 WL 7311136, at *7 (E.D. Cal. Dec. 11, 2020).

However, this interest does not negate "the fact that California, . . . has a strong interest in adjudicating policies that impact its residen[ts]." *Luchini v. CarMax, Inc.*, No. 12-417, 2012 WL 2401530, at *7 (E.D. Cal. June 25, 2012). And most of the plaintiffs' claims arise under California law. *See* SAC ¶¶ 119–153, 160–162. Illinois has only a slightly greater policy interest, defined broadly, here.

Both this District and the Northern District of Illinois have faced administrative challenges in recent years. It may be that the case could be resolved more quickly in the Northern District of Illinois, as Echo argues, given its lower average weighted caseload per judgeship. *See* Mot. at 6. The respective districts' median time for resolving cases, however, is not substantially different. Opp'n at 6. This factor weighs only slightly in favor of a transfer. *See Teets*, 2014 WL 4187306, at *2 (finding defendant's presentation of evidence that cases move more quickly in the transferee district given a smaller caseload "suggest[ed] that a transfer will serve the interest of justice.").

Nor is either district significantly more familiar with or better able to interpret the relevant law. Both this court and the Northern District of Illinois can be presumed to be familiar with the federal law that is the basis for the FLSA Collective claims. *See* S*hultz*, 2011 WL 768735, at *4. And as Echo points out, addressing "conflict of laws, or [ ] the application of foreign law" cannot be avoided in this case "because either a California court will have to apply Illinois law or an Illinois court will have to apply California law." Mot. at 3; *see* SAC ¶¶ 119–153, 160–162 (citing California law); *see id.* ¶¶ 154–159 (citing Illinois law). This court is capable of applying Illinois law, and a federal district court outside of California is "fully capable of applying California law," *Foster v. Nationwide Mut. Ins. Co.*, No. 07-4928, 2007 WL 4410408, at *6 (N.D. Cal. 2007).

While the factors reviewed above are effectively neutral, the court is persuaded a transfer would satisfy the statutory recognition of the "interest of justice," for the following three reasons.

First, Echo has shown a transfer to Illinois would avoid inconvenience to non-party witnesses. In reaching this conclusion the court is not influenced by convenience of the parties: Whether this action is litigated in California or Illinois, at least some of the parties will face inconvenience. One named plaintiff and a minority of the members of the proposed collective

6

and classes reside in California; all others reside in other states including Illinois and Nevada. Plaintiff's witnesses in California, who can be compelled, "include[e] five of [p]laintiff Cienega's supervisors and a human resource employee, who have knowledge about [the] claims." Opp'n at 4; Cienega Decl. ¶¶ 5–9; *Rubio*, 181 F. Supp. 3d at 763. Illinois would be a more convenient forum for defendant and many of its witnesses. *See DIRECTV, Inc. v. EQ Stuff, Inc.*, 207 F. Supp. 2d 1077, 1083 (C.D. Cal. 2002). But inconvenience to the defendant's employees also is less of a concern here "given [Echo's] ability to compel its employees to testify at trial." *Martinez v. Knight Transportation, Inc.*, No. 16-1730, 2017 WL 2722015, at *6 (E.D. Cal. June 23, 2017) (citations omitted). The "location and number of witnesses each side has and the relative importance of those witnesses" are effectively balanced. *Rubio*, 181 F. Supp. 3d at 763.

However, "the Court accords more weight to the inconvenience of non-party witnesses." *Rubio*, 181 F. Supp. 3d at 763. This is often "the most important factor in determining whether a § 1404 transfer is appropriate." *Noriesta*, 2019 WL 6482222, at *2 (quoting *Rubio*, 181 F. Supp. 3d at 763); *Galliani v. Citimortgage, Inc.*, 12-411, 2013 WL 101411, at *5 (E.D. Cal. Jan. 7, 2013) (fact that "all identified potential non-party witnesses are well outside the scope of this court's subpoena power, . . . weighs strongly in favor of granting the motion to transfer"). Here, Echo's "[c]ritical non-party witnesses," including current and former members of its Executive and Human Resources team, Mot. at 5, are not subject to compulsory process of this court. *See* Fed. R. Civ. P. 45(c)(1)(A). Although not identified by name, Echo identified several of these individuals as the former Chief Financial Officer who was with Echo from January 2011 to October 2020, the former Chief Human Resources Officer who was with Echo from 2014 to June 2018, the former Director of Talent who was with Echo from February 2011 to May 2019, and the former Senior Manager—Talent Services who was with Echo from June 2013 to July 2015. Frey Decl. ¶ 8. All worked out of Echo's Chicago office. *Id.* Echo has fulfilled its obligation to "name the witnesses it wishes to call, the anticipated areas of their testimony and its relevance, and the reasons why the present forum would present a hardship to them." *Bohara v. Backus Hosp. Medical Benefit Plan*, 390 F. Supp. 2d 957, 963 (C.D. Cal. 2005).

/////

7

1    Second, a transfer to Illinois would likely lead to a speedier resolution by avoiding
threshold jurisdictional litigation and ensuring all of the relevant claims are litigated together in
one action.  Thus far the parties have engaged in extensive litigation here regarding whether this
court has jurisdiction over the claims of the Illinois plaintiffs as Echo attempts to dismiss or strike
those claims.  *See* Mot. at 8; Not. of Suppl. Authority, ECF No. 35; Second Not. of Suppl.
Authority, ECF No. 39; Pls.' Not. of Suppl. Authority, ECF No. 41.  If the case proceeds in
Illinois, the doubt regarding whether Echo is subject to the exercise of the presiding court's
personal jurisdiction will be lifted, with no apparent need to further litigate the effects of the
Supreme Court's decision in *Bristol-Meyers Squibb v. Superior Court*, 137 S. Ct. 1773 (2017),
with respect to plaintiffs' claims.  Without the need to litigate jurisdictional disputes, the parties
could expect to achieve an earlier resolution on the merits.

Third, the parties' contacts with Illinois are more significant than their contacts with this
District.  *See Cowley*, 2020 WL 7311136, at *7 (noting court considers "the parties' contacts with
either forum"), *report and recommendation adopted*, 2021 WL 237256 (E.D. Cal. Jan. 25, 2021).
Echo maintains an office in Sacramento where plaintiffs and potential class members allegedly
worked without proper overtime pay, Opp'n at 1, but Echo's contacts with Illinois are much more
extensive.  Echo maintains its headquarters in Illinois, and its employees in Illinois made the
relevant companywide policy decisions.  Mot. at 4.  Plaintiff Hampton, the Illinois class, and any
non-California based FLSA Collective members do not appear to have any contacts with
California at all.  Reply at 2.  The vast majority of those who would be members of the proposed
classes worked for Echo in Illinois.  Mot. at 1; Frey Decl. ¶ 12.

The considerations favoring transfer outweigh the factors that are neutral or weigh slightly
in favor California as the forum for this action.  Therefore, the court will transfer the matter as
defendants request.

### V.    CONCLUSION

The court **grants** the motion to transfer.  This action is **transferred** to the United States
District Court for the Northern District of Illinois.

The Clerk of Court is directed to transfer this matter and then **close** the case.

8

This order resolves ECF No. 22.

IT IS SO ORDERED.

DATED: February 4, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE