1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ARIS CIENEGA and ZAKEIA HAMPTON, Individually and On Behalf of All Others Similarly Situated,<br><br>                Plaintiffs,<br><br>          v.<br><br>ECHO GLOBAL LOGISTICS, INC.,<br><br>                Defendant. | **Case No. 1:22-cv-00644**<br>**Assigned Judge: Judge Sara L. Ellis**<br><br>**THIRD AMENDED CLASS AND COLLECTIVE ACTION AND PAGA COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Aris Cienega and Zakeia Hampton ("Plaintiffs"), on behalf of themselves and all others similarly situated, by and through their attorneys Outten & Golden LLP, complaining of the conduct of Echo Global Logistics, Inc. ("Defendant" or "Echo"), allege as follows:

## PRELIMINARY STATEMENT

1. This lawsuit seeks to recover unpaid overtime compensation and other damages for Plaintiffs and similarly situated co-workers who have worked as inside salespeople at Echo nationwide in the roles of Carrier Account Executive, Carrier Apprentice, Carrier Development Associate, Carrier Development Representative, Carrier Sales, Carrier Sales Representative, Client Associate, Client Representative, Client Sales Representatives, Client Solutions Executive, Customer Account Executive, Customer Apprentice, Customer Sales, Inside Sales Representative, Logistics Sales Trainee, National Account Manager, National Carrier Account Representative, National Sales Representative, Sales Representative, Client Solutions Representative, Sales Trainee, Specialized Service Associate, Specialized Service Representative, Senior Account Executive, Senior Business Development Representative, Senior Carrier Development Representative, Senior Client Representative, Senior Client Solutions Executive, Senior National Account Manager, Senior Outside Sales Executive, Senior Sales Executive, Senior Shipment Specialist, Senior Carrier Operations Representative, Senior Specialized Services Representative, Shipment Specialist, and Strategic Sourcing Representative, (collectively, "Sales Representatives").

2. Echo is a transportation logistics company headquartered in Illinois with approximately 30 branch sales offices located in approximately 13 states.

3. Echo employs Sales Representatives, such as Plaintiffs, to make sales of its third-party logistics services to current and prospective clients.

4. While employed by Echo, Plaintiffs consistently worked more than 8 hours per day and more than 40 hours per workweek without receiving overtime compensation for all the hours they worked. Throughout the relevant period, it was Echo's policy to deprive Plaintiffs of their earned overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the California Labor Code ("Cal. Lab. Code") and applicable Wage Orders and regulations, and the California Unfair Business Practices Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (collectively, the "California Wage

Laws"), and the Illinois Minimum Wage Law ("IMWL"), 820 Ill. Comp. Stat. 105/1, *et seq.*, and applicable regulations (collectively, the "Illinois Wage Laws").

5.      During the relevant period, it has been Echo's policy to uniformly deny Sales Representatives, including Plaintiffs, proper overtime compensation, either by classifying them as exempt from federal and state overtime provisions or by instructing them not to record all of their hours worked per workweek.  Echo classified Sales Representatives, including Plaintiffs, as exempt and non-exempt at different times throughout their employment, but did not pay them proper overtime compensation, regardless of their classification.

6.      The primary duties of Sales Representatives are non-exempt.  These primary duties did not vary significantly from one Sales Representative to another.

7.      The primary duties of Sales Representatives do not fall under any of the exemptions under federal or state overtime laws.

8.      Plaintiffs and Sales Representatives have worked overtime hours, as defined by applicable federal and state laws, and are entitled to premium compensation at the appropriate rate for all overtime hours worked.

9.      Plaintiffs bring this action on behalf of themselves and all similarly situated current and former Sales Representatives of Echo pursuant to the FLSA.

10.     Plaintiffs seek permission to give notice of this action pursuant to 29 U.S.C. § 216(b) to all persons who are presently or have at any time since December 11, 2016, worked for Echo as exempt-classified Sales Representatives, and/or who are presently or have at any time since June 30, 2019 worked as non-exempt-classified Sales Representatives.

11.     Plaintiff Cienega also brings this action to recover unpaid overtime compensation and other damages for himself and similarly situated current and former Sales Representatives who worked for Echo in California as a Fed. R. Civ. P. 23 class action under the California Wage Laws.

12.     Plaintiff Hampton also brings this action to recover unpaid overtime compensation and other damages for herself and similarly situated current and former Sales Representatives who worked for Echo in Illinois as a Fed. R. Civ. P. 23 class action under the Illinois Wage Laws.

13.     Plaintiff Cienega also brings  this action on behalf of himself and Sales Representatives

CLASS AND COLLECTIVE ACTION AND PAGA COMPLAINT

who worked in the State of California from December 11, 2018 through the disposition of this Action ("Aggrieved Employees"), to recover penalties pursuant to California's Private Attorneys General Act, Cal. Labor Code §§ 2698 *et seq*. ("PAGA").

14.     By agreements dated December 11, 2019 and April 29, 2020, Echo agreed to toll the statute of limitations for FLSA, California Wage Law, the Illinois Wage Law, and PAGA claims on behalf of Plaintiffs and similarly situated exempt-classified Sales Representatives from December 11, 2019 to March 19, 2021.

## JURISDICTION & VENUE

15.     This Court has federal question jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

16.     This Court has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because the state law claims and the federal claims are so closely related that they form part of the same case or controversy under Article III of the United States Constitution.

17.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

18.     Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b) because Echo is subject to personal jurisdiction in this District and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

19.     Notice of the claims alleged herein was provided to the California Labor & Workforce Development Agency ("LWDA") and Echo on March 23, 2021.  The LWDA has not taken any action with regard to the claims, including providing notice of an intent to pursue the claims.

## THE PARTIES

### Plaintiff Aris Cienega

20.     Plaintiff Cienega is a resident of Sacramento County, California.

21.     Plaintiff Cienega was employed by Echo as a Sales Representative in Echo's Sacramento, California office from approximately January 2017 to approximately March 2019.

22.     At all times relevant to the Class and Collective Action Complaint, Plaintiff Cienega was an "employee" within the meaning of all applicable statutes.

23.     Plaintiff Cienega regularly worked more than 40 hours in a workweek, but was not paid for all hours he worked over 40.  For example, to the best of his recollection, in or around the last week of November 2017, Plaintiff Cienega worked approximately 15 overtime hours without compensation.

24.     A written consent form signed by Plaintiff Cienega was previously filed, ECF No. 4-1 at 2.

**Plaintiff Zakeia Hampton**

25.     Plaintiff Hampton is a resident of Clark County, Nevada.

26.     Plaintiff Hampton was employed by Echo in Echo's Chicago, Illinois office as a Sales Representative from approximately April 2017 to approximately January 2018.

27.     At all times relevant to the Class and Collective Action Complaint, Plaintiff Hampton was an "employee" within the meaning of all applicable statutes.

28.     Plaintiff Hampton regularly worked more than 40 hours in a workweek, but was not paid for all hours she worked over 40.  For example, to the best of her recollection, in or around the last week of August or the first week of September 2017, Plaintiff Hampton worked approximately 15 overtime hours without compensation.

29.     A written consent form signed by Plaintiff Hampton was previously filed, ECF No. 1-2 at 2.

**Defendant Echo Global Logistics, Inc.**

30.     Echo is a transportation management company.[1]

31.     Upon information and belief, Echo is a corporation formed under the laws of the State of Delaware with a principal place of business in Chicago, Illinois.[2]

32.     Echo has approximately 30 offices nationwide.[3]

33.     Upon information and belief, Echo has maintained control, oversight, and direction over its operations and employment practices.

---

[1]     *See* Echo Form 10-K for the year ending December 31, 2020, available at https://ir.echo.com/sec-filings ("Echo 2020 10-K"), at 3.
[2]     *Id.* at 16.
[3]     *Id.* at 16; "Our Locations," https://www.echo.com/about/locations.

CLASS AND COLLECTIVE ACTION AND PAGA COMPLAINT

34.     At all times hereinafter mentioned, Echo was Plaintiffs' "employer" within the meaning of all applicable statutes.

35.     At all relevant times, Echo maintained control, oversight, and direction over Plaintiffs and other Sales Representatives, including timekeeping, payroll, and other employment practices that applied to them.

36.     Echo has applied the same employment policies, practices, and procedures to Sales Representatives nationwide, including policies, practices, and procedures with respect to payment of overtime compensation.

37.     Echo's annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

## FLSA COLLECTIVE ACTION CLAIMS

38.     Plaintiffs bring the First Cause of Action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated persons who work or have worked for Echo as an exempt-classified Sales Representative nationwide since December 11, 2016 and/or who work or have worked for Echo as a non-exempt-classified Sales Representative nationwide since June 30, 2019 and who elect to opt-in to this action ("FLSA Collective").

39.     Upon information and belief, there are hundreds of current and former Sales Representatives who are similarly situated to Plaintiffs and were denied overtime compensation.

40.     Plaintiffs are acting on behalf of Echo's current and former Sales Representatives' interests as well as their own interests in bringing this action.

41.     Echo unlawfully required Plaintiffs and all individuals employed as Sales Representatives to work in excess of 40 hours per week without paying them overtime compensation at a rate of at least one and one-half times their regular hourly rate for all overtime hours worked. Upon information and belief, Echo applied the same unlawful policies and practices to all Sales Representatives.

42.     The FLSA Collective members are readily identifiable and locatable through the use of the Echo's records. The FLSA Collective should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, the FLSA Collective, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation

to which they are entitled, and which has been unlawfully withheld from them by the Echo.

## CALIFORNIA CLASS ALLEGATIONS

43. Plaintiff Cienega brings the Second, Third, Fourth, Fifth, Sixth, and Seventh Causes of Action on his own behalf and as a class action, pursuant to Fed R. Civ. P. 23(a) and (b), on behalf of the following class of persons:

> All exempt-classified Sales Representatives who are currently or have been employed by Echo Global Logistics, Inc. in the State of California at any time since December 11, 2015 through the entry of judgment in this case and/or all non-exempt-classified Sales Representatives who are currently or have been employed by Echo Global Logistics, Inc. in the State of California at any time since June 30, 2018 through the entry of judgment in this case (hereinafter referred to as the "California Class" and the "California Class Period," respectively).

44. Excluded from the California Class are Echo's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Echo; the Judge(s) to whom this case is assigned and any member of the Judge(s)' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the California Class.

45. The persons in the California Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Echo.

46. Upon information and belief, the size of the California Class is at least 100 individuals.

47. The Second, Third, Fourth, Fifth, Sixth, and Seventh Causes of Action are properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3). There are questions of law and fact common to the California Class that predominate over any questions solely affecting individual members of the California Class, including but not limited to:

  a. Whether Echo has unlawfully failed to pay the California Class members all overtime compensation owed, in violation of the California Labor Code and related regulations, Cal. Lab. Code §§ 226, 510, and 1194; Cal. Wage Order Nos. 4-2001 and 7-2001;

  b. Whether Echo has unlawfully failed to keep and furnish the California Class

members with timely, accurate, and itemized records of hours worked in violation of Cal. Labor Code § 226;

c.    Whether Echo has unlawfully failed to timely pay wages due during employment and upon separation in violation of Cal. Labor Code §§ 201, 202, 203, and 204;

d.    Whether Echo has failed to reimburse the California Class members for reasonable and necessary business expenses in violation of Cal. Labor Code § 2802;

e.    Whether Echo has violated the California Unfair Competition Law, Cal. Bus & Prof. Code §§ 17200, *et seq.*; and

f.    the nature and extent of the California Class members' injuries and the appropriate measure of their damages.

48.    Plaintiff Cienega fairly and adequately protects the interests of the California Class and has no interests antagonistic to the class. Plaintiff Cienega is represented by attorneys who are experienced and competent in both class litigation and employment litigation.

49.    A class is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where an individual plaintiff lacks the financial resources to vigorously prosecute a lawsuit in federal court against Echo. The damages sustained by individual class members are small compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

50.    Further, Plaintiff Cienega and the California Class have been equally affected by Echo's failure to pay proper wages and other violations. Moreover, members of the California Class still employed by Echo may be reluctant to raise individual claims for fear of retaliation.

51.    Echo has acted or refused to act on grounds generally applicable to the California Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

52.    Plaintiff Cienega's claims are typical of those of the California Class. Plaintiff Cienega and the other California Class members were subjected to Echo's policies, practices, programs, procedures, protocols and plans alleged herein concerning the failure to pay proper wages and the failure

to keep adequate records. Plaintiff Cienega's claims are typical of those of the other class members.

53. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against Echo. The members of the California Class have been damaged and are entitled to recovery as a result of Echo's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the California Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Echo's practices.

## ILLINOIS CLASS ALLEGATIONS

54. Plaintiff Hampton brings the Eighth Cause of Action on her own behalf and as a class action, pursuant to Fed R. Civ. P. 23(a) and (b), on behalf of the following class of persons:

> All exempt-classified Sales Representatives who are currently or have been employed by the Echo Global Logistics, Inc. in the State of Illinois at any time since December 11, 2016 through the entry of judgment in this case and/or all non-exempt-classified Sales Representatives who are currently or have been employed by Echo Global Logistics, Inc. in the State of Illinois at any time since June 30, 2019 through the entry of judgment in this case (hereinafter referred to as the "Illinois Class" and the "Illinois Class Period," respectively).

55. Excluded from the Illinois Class are Echo's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Echo; the Judge(s) to whom this case is assigned and any member of the Judge(s)' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Illinois Class.

56. The persons in the Illinois Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Echo.

57. Upon information and belief, the size of the Illinois Class is hundreds of individuals.

58. The Eighth Cause of Action is properly maintainable as a class action under Fed. R. Civ.

P. 23(b)(3). There are questions of law and fact common to the Illinois Class that predominate over any questions solely affecting individual members of the Illinois Class, including but not limited to:

    a.    whether Echo violated the Illinois Wage Laws;

    b.    whether Echo failed to compensate Plaintiff Hampton and the Illinois Class for hours worked in excess of 40 hours per workweek;

    c.    whether Echo failed to keep true and accurate time records for all hours worked by Plaintiff Hampton and the Illinois Class; and

    d.    the nature and extent of Illinois Class-wide injury and the appropriate measure of damages for the Illinois Class.

59. Plaintiff Hampton fairly and adequately protects the interests of the Illinois Class and has no interests antagonistic to the class. Plaintiff Hampton is represented by attorneys who are experienced and competent in both class litigation and employment litigation.

60. A class is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where an individual plaintiff lacks the financial resources to vigorously prosecute a lawsuit in federal court against Echo. The damages sustained by individual class members are small compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

61. Further, Plaintiff Hampton and the Illinois Class have been equally affected by Echo's failure to pay proper wages. Moreover, members of the Illinois Class still employed by Echo may be reluctant to raise individual claims for fear of retaliation.

62. Echo has acted or refused to act on grounds generally applicable to the Illinois Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

63. Plaintiff Hampton's claims are typical of those of the Illinois Class. Plaintiff Hampton and the other Illinois Class members were subjected to the Echo's policies, practices, programs, procedures, protocols and plans alleged herein concerning the failure to pay proper wages and the failure to keep adequate records. Plaintiff Hampton's claims are typical of those of the other class members.

64.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against the corporate Echo.  The members of the Illinois Class have been damaged and are entitled to recovery as a result of Echo's common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual members of the Illinois Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Echo's practices.

## COMMON FACTUAL ALLEGATIONS

65.     Plaintiffs and the members of the FLSA Collective, the California Class, and the Illinois Class (collectively, "Class Members") have been victims of Echo's common policy and plan that has violated their rights under the FLSA, California Wage Laws, and Illinois Wage Laws by requiring Sales Representatives to work in excess of 40 hours per week and in excess of 8 hours per day, and denying them overtime compensation for all overtime hours worked.  At all times relevant, Echo's unlawful policy and pattern or practice has been willful.

66.     Echo employs Sales Representatives to sell its third-party transportation services.[4]

67.     Echo's website has a page for "Careers in Sales,"[5] which includes postings for "Carrier Sales Representative" and "Client Sales Representative" positions.  Plaintiffs' and Sales Representatives' primary duties were non-exempt sales-related duties, specifically, identifying business opportunities, engaging with current and potential customers by phone and email, and making sales of Echo's third-party logistics services.

68.     Plaintiffs and Sales Representatives have performed their sales tasks from Echo's offices or another fixed location, such as from their homes.

---

[4]     Echo 2020 10-K at 6, 22 ("Sales representatives are employees focused on identifying and growing relationships with shippers and carriers . . . We generate revenue through the sale of brokerage and transportation management services to our clients.").

[5]     https://www.echo.com/careers/sales-recruitment.

11

69. Echo has required Plaintiffs and Sales Representatives to attend an initial training during which Echo trains them on its sales techniques, and provides guidance for how to engage with clients, including questions to ask shipping clients about their shipping needs or carrier clients about their shipping capacities.

70. Echo has required Plaintiffs and Sales Representatives to use a specific software system and to follow specific instructions to quote prices and make sales to shipping and carrier clients.[6]

71. Echo has subjected Plaintiffs and Sales Representatives to discipline for failure to follow these specific requirements.

72. The primary duties of Plaintiffs and Sales Representatives do not fall under any of the exemptions under federal or state overtime laws.

73. Although Plaintiffs and Sales Representatives were eligible to earn commissions, these commissions did not constitute the majority of their earnings.

74. Throughout their employment, Plaintiffs and Class Members consistently worked more than 40 hours per week and 8 hours per day.

75. Echo sets sales quotas and productivity metrics for Sales Representatives to meet, including a monthly gross profit ("GP") quota.

76. Echo has disciplined Sales Representatives for failure to meet the required quotas and productivity metrics.

77. Plaintiffs and Sales Representatives worked overtime hours to meet Echo's job requirements, make sales, and attempt to meet the quotas and sales metrics Echo sets.

78. Echo required Plaintiffs to provide customers with responsive customer service so that they could continue to make future sales to those customers.

79. Echo has instructed Plaintiffs and Sales Representatives to respond to customers' emails, texts, and calls promptly, even outside of business hours.

80. Plaintiffs and Sales Representatives frequently received calls, texts, and emails at all hours

---

[6]   Echo 2020 10-K at 4 ("Our proprietary technology platform ('Optimizer') is fundamental to our operating system . . . All participants in each transaction (clients, carriers and Echo employees) are unified on a single platform").

of the day and night from customers asking about shipment status, or from carrier clients providing updates.

81.     On information and belief, it is Echo's policy and practice to require Plaintiffs and Sales Representatives to be available to customers outside of business hours.

82.     Echo was aware that Plaintiffs and the Class Members worked more than 40 hours per workweek and 8 hours per day, yet Echo failed to pay them proper overtime compensation.

83.     Echo did not keep accurate records of hours worked by Plaintiffs and Sales Representatives.

84.     When Echo classified Plaintiffs as non-exempt, Echo required Plaintiffs and non-exempt classified Sales Representatives to log into a software program to record their time. However, non-exempt classified Sales Representatives were not permitted to log all of their hours worked per workweek.

85.     Non-exempt classified Sales Representatives typically worked "off-the-clock" for Echo throughout the week by prospecting for new clients, corresponding with clients or prospective clients, and corresponding with supervisors via telephone and email. Non-exempt classified Sales Representatives were required to complete these tasks after hours in order to meet their quotas, provide responsive customer service, and avoid discipline.

86.     Echo's supervisors were aware of non-exempt classified Sales Representatives' "off-the-clock" work. Echo instructed that non-exempt classified Sales Representatives respond to customer inquiries outside of business hours but instructed non-exempt classified Sales Representatives not to record time worked outside of business hours.

87.     When Echo classified Plaintiffs as non-exempt, Plaintiffs' managers and Echo's HR personnel instructed them to clock out before they reached overtime hours, and regularly observed them working overtime hours.

88.     Upon information and belief, on rare occasions when Plaintiff Cienega recorded overtime, Echo's HR personnel adjusted his timecard to reflect that he had not recorded overtime.

89.     All of the work performed by Plaintiffs and Sales Representatives was assigned by Echo and Echo was aware that Plaintiffs and Sales Representatives regularly worked overtime hours.

90.     Echo failed to pay Plaintiffs and Sales Representatives time and one-half for all hours

worked over 40 in a workweek in violation of the FLSA.

91. Echo failed to pay Plaintiff Cienega and California Class members overtime compensation for all of their overtime hours worked, including for any of the overtime hours they worked over 8 in a workday and over 40 in a workweek.

92. Echo failed to furnish Plaintiff Cienega and the California Class members with an accurate itemized statement showing, *inter alia*, wages, hours worked, and rates paid as required by the California Wage Laws.

93. Echo failed to timely pay Plaintiff Cienega and the California Class Members all wages earned and unpaid at the time of separation from employment.

94. Plaintiff Cienega and all California Class members who ceased employment with Echo are entitled to unpaid compensation, but to date have not received such compensation.

95. Echo failed to timely pay Plaintiff Cienega and the California Class Members all wages due and payable twice during each calendar month, on days designated in advance by the employer as regular pay days.

96. Echo also required Plaintiff Cienega and California Class members to use their personal cell phone for business purposes and did not reimburse them for a reasonable percentage of their cell phone bills.

97. Plaintiff Cienega's and California Class Members' legal remedies for the conduct challenged herein are inadequate because their equitable claims under the UCL are subject to a four-year statute of limitations, whereas their legal claims under the Labor Code are subject to a three-year statute of limitations.

98. As part of its regular business practice, Echo intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy that violates the FLSA, California Wage Laws, and Illinois Wage Laws.

99. Echo's policy and pattern or practice includes but is not limited to:

    a. willfully misclassifying Plaintiffs and Class Members as exempt from the protections of federal and state overtime laws;

    b. willfully failing to record all time that its employees, including Plaintiffs and Class

Members, worked for the benefit of Echo;

    c.    willfully failing to keep payroll records as required by the FLSA, California Wage Laws, and Illinois Wage Laws;

    d.    willfully failing to timely pay wages as required by the California Wage Laws; and

    e.    willfully failing to pay its employees, including Plaintiffs and Class Members, overtime wages for all of the overtime hours that they worked.

100.    Echo was aware, or should have been aware, that the federal and state wage and hour laws required it to pay Plaintiffs and other Sales Representatives overtime compensation for all hours worked in excess of 40 per week.

101.    Echo was aware, or should have been aware, that Plaintiffs and other Sales Representatives' primary duties were sales-related tasks, including communicating with clients and potential clients via phone and email, researching sales leads, and/or makings sales of Echo's services to current and/or prospective clients, and that these duties do not fall within any overtime exemption under the FLSA or state wage and hour laws.

102.    Echo was or should have been aware that it was misclassifying its Sales Representatives as overtime exempt based on extensive litigation over similar logistics sales positions in the transportation management industry.

103.    Echo's failure to pay overtime shows reckless disregard of the California overtime requirements. Under California law, to qualify for the administrative, professional, or executive exemption, the employee must "earn a monthly salary equivalent to no less than two (2) times the state minimum wage for full-time employment." Cal. Code Regs. tit. 8, § 11040(1)(2)(g). Echo paid Plaintiff Cienega a salary of approximately $35,000 throughout his employment as a Sales Representative even though, at all relevant times, the California salary threshold was higher: $41,600 in 2016; $43,680 in 2017; $45,760 in 2018; and $49,920 in 2019. Cal. Lab. Code § 1182.12. On information and belief, Echo paid other Sales Representatives a base salary lower than the required salary threshold.

104.    Echo's failure to pay Plaintiffs and Class Members overtime wages for their work in excess of 40 hours per week was willful, intentional, and in bad faith. Echo did not ensure that its compensation practices with respect to Plaintiffs and other Sales Representatives complied with federal or state law.

105.   Echo's unlawful conduct has been widespread, repeated, and consistent.

106.   Plaintiffs sent Echo a written correspondence on October 24, 2019 regarding Plaintiffs' overtime claims.  On information and belief, Echo did not thereafter change its practice of classifying Sales Representatives as exempt employees.

**FIRST CAUSE OF ACTION**
**FLSA – Overtime Wages**
**29 U.S.C. §§ 201,** *et seq.*
**(Brought by Plaintiffs Individually and on Behalf of the FLSA Collective)**

107.   Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

108.   Plaintiffs and members of the FLSA Collective are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

109.   Echo employed Plaintiffs and members of the FLSA Collective for workweeks longer than 40 hours and willfully failed to compensate Plaintiffs for all of the time worked in excess of 40 hours per week, at a rate of at least one and one-half times their regular hourly rate, in violation of the requirements of Section 7 of the FLSA, 29 U.S.C. § 207(a)(1).

110.   Plaintiffs have consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

111.   Echo's violations of the FLSA, as described in this Complaint, were willful and intentional.

112.   Echo failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs and other similarly situated current and former employees.

113.   Because Echo's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

114.   As a result of Echo's willful violations of the FLSA,  Plaintiffs and all other similarly situated employees suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201, *et seq*.

115.   As a result of the unlawful acts of Echo, Plaintiffs and other similarly situated current and former employees were deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**California Wage Laws – Overtime Wages**
**California Wage Order Nos. 4-2001 & 7-2001; Cal. Lab. Code §§ 510, 1194, 1198**
**(Brought by Plaintiff Cienega Individually and on Behalf of the California Class)**

116.    Plaintiff Cienega realleges and incorporates by reference all allegations in all preceding paragraphs.

117.    California law requires employers, such as Echo, to pay overtime compensation to all non-exempt employees for all hours worked over 40 per workweek and over 8 per day.

118.    Plaintiff Cienega and the California Class members are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

119.    At all relevant times, Plaintiff Cienega and the California Class members worked in excess of 40 hours in a workweek and 8 hours in a workday.

120.    At all relevant times, Echo  failed and refused to pay Plaintiff Cienega and the California Class members overtime compensation for all of their overtime hours worked.

121.    As a direct and proximate result of Echo's unlawful conduct, as set forth herein, Plaintiff Cienega and the California Class members have sustained damages, including loss of earnings for hours of overtime worked for the benefit of Echo in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

122.    Plaintiff Cienega's and California Class Members' legal remedies for their unpaid overtime wages are inadequate because their equitable claims under the UCL are subject to a four-year statute of limitations, whereas their legal claims under the Labor Code are subject to a three-year statute of limitations.

**THIRD CAUSE OF ACTION**
**California Wage Laws – Wage Statement Claim**
**California Wage Order Nos. 4-2001 & 7-2001; Cal. Lab. Code § 226**
**(Brought by Plaintiff Cienega Individually and on Behalf of the California Class)**

123.    Plaintiff Cienega realleges and incorporates by reference all allegations in all preceding paragraphs.

124.    Echo knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, all hours worked, to Plaintiff Cienega and the California Class members

in accordance with California Wage Order Nos. 4-2001 and 7-2001 and California Labor Code § 226(a). Such failure caused injury to Plaintiff Cienega and the California Class members, by, among other things, impeding them from knowing the amount of wages to which they are and were entitled.

125.     Echo's failure to provide accurate wage statements is "knowing and intentional" under Labor Code § 226(e) because Echo knows that its wage statements do not accurately report hours worked or accurately report gross and net wages earned.  Plaintiff Cienega and California Class members suffer injury as a result of Echo's violation of Labor Code § 226 because Plaintiff Cienega and Class members cannot promptly and easily determine from the wage statement alone their hours worked and actual total gross and net wages earned.

126.     Plaintiff Cienega, on behalf of himself and California Class members, seeks to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurred and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), as well as costs and attorneys' fees.

**FOURTH CAUSE OF ACTION**
**California Wage Laws – Wage Payment Provisions**
**Cal. Lab. Code §§ 201, 202, & 203**
**(Brought by Plaintiff Cienega Individually and on Behalf of the California Class)**

127.     Plaintiff Cienega realleges and incorporates by reference all allegations in all preceding paragraphs.

128.     California Labor Code §§ 201 and 202 require Echo to pay their employees all wages due upon termination within the time specified by law.  California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty (30) days of wages.

129.     Echo's failure to pay timely wages at separation is willful under Labor Code § 203 because Echo knew or should have known that Plaintiff Cienega and California Class members worked overtime hours, yet it failed to pay them overtime premiums for the work they performed upon the termination of their employment.

130.     Plaintiff Cienega and all California Class members who ceased employment with Echo are

entitled to unpaid overtime compensation, but to date have not received such compensation.

131.    More than thirty (30) days have passed since Plaintiff Cienega and certain California Class members left Echo's employ.

132.    Plaintiff Cienega, on behalf of himself and the California Class members, seeks waiting time penalties pursuant to California Labor Code § 203, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## FIFTH CAUSE OF ACTION
**(Failure to Timely Pay Wages By Each Payroll Period, Cal. Labor Code §§ 204, 210, Brought by Plaintiff Cienega Individually and on Behalf of the California Class)**

133.    Plaintiff Cienega realleges and incorporates by reference all allegations in all preceding paragraphs.

134.    California Labor Code § 204 requires Echo to timely pay Plaintiff Cienega and California Class members "all wages", including their earned overtime premiums by the payroll periods specified by the statute.

135.    Echo's failure to timely pay Plaintiff Cienega and California Class members their wages earned by each payroll period was and is willful.  Echo knew or should have known that Plaintiff Cienega and California Class members were not paid for their overtime hours worked, yet it failed to pay them their earned wages within the payroll periods specified by the statute.

136.    California Labor Code § 210(a) provides that employers who fail to pay wages as provided in § 204 are subject to statutory penalties of: (1) one hundred dollars ($100) for each failure to pay each employee for any initial violation; and (2) two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld, for each subsequent violation, or any willful or intentional violation.

137.    Plaintiff Cienega, on behalf of himself and the California Class members, seeks penalties pursuant to California Labor Code § 210, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

**SIXTH CAUSE OF ACTION**
**California Wage Laws – Business Expenses**
**Cal. Labor Code § 2802; Cal. Wage Order Nos. 4-2001 & 7-2001**
**(Brought by Plaintiff Cienega Individually and on Behalf of the California Class)**

138.    Plaintiff Cienega realleges and incorporates by reference all allegations in all preceding paragraphs.

139.    California Labor Code § 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

140.    Echo failed to indemnify and reimburse Plaintiff Cienega and the California Class members for necessary expenditures, including but not limited to personal cell phone use, that they incurred as a direct result of the duties they performed for Echo's benefit and/or at Echo's direction.

141.    As a result, Plaintiff Cienega seeks unreimbursed expenses, penalties, interest, costs incurred, and attorneys' fees pursuant to California Labor Code § 2802(b).

142.    Plaintiff Cienega's and California Class Members' legal remedies for their unreimbursed expenses are inadequate because their equitable claims under the UCL are subject to a four-year statute of limitations, whereas their legal claims under the Labor Code are subject to a three-year statute of limitations.

**SEVENTH CAUSE OF ACTION**
**California Wage Laws – Unfair Competition**
**California Business & Professions Code §§ 17200, *et seq.***
**(Brought by Plaintiff Cienega Individually and on Behalf of the California Class)**

143.    Plaintiff Cienega realleges and incorporates by reference all allegations in all preceding paragraphs.

144.    The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL"). The UCL prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices.

145.    Echo committed, and continues to commit, acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described herein. Echo's conduct as alleged herein has injured Plaintiff Cienega and the California Class members by wrongfully denying

them earned wages, and therefore was substantially injurious to them.

146. Echo engaged in unfair competition in violation of the UCL by violating, *inter alia*, each of the following laws. Each of these violations constitutes an independent and separate violation of the UCL:

 a. Failure to pay overtime compensation in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.* and Cal. Lab. Code §§ 510, 1194, 1198, and Wage Order Nos. 4-2001 and 7-2001;

 b. Failure to timely pay wages due to Plaintiff Cienega and separated California Class members upon termination of employment Cal. Lab. Code §§ 201-203;

 c. Failure to timely pay wages due to Plaintiff Cienega and California Class members by the payroll periods specified by the statute in violation of Cal. Lab. Code § 204;

 d. Failure to keep proper payroll records and provide accurate wages statements in violation of Cal. Lab. Code §§ 226, 1174, and Wage Order Nos. 4-2001 and 7-2001;

 e. Failure to provide for the reimbursement of Plaintiff Cienega's and California Class members' expenses incurred while carrying out their employment or to comply with Echo's requirements, in violation of Cal. Lab. Code § 2802 and Wage Order Nos. 4-2001 and 7-2001.

147. Echo's course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL. Echo's conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

148. The unlawful and unfair business practices and acts of Echo, described above, have injured Plaintiff Cienega and the California Class members in that they were wrongfully denied the payment of earned overtime wages.

149. Plaintiff Cienega, individually and on behalf of the California Class, seeks recovery of attorneys' fees and costs of this action to be paid by Echo, as provided by the UCL and Cal. Lab. Code §§ 218, 218.5, and 1194.

150. Plaintiff Cienega, individually and on behalf of the California Class, seeks restitution in the amount of the respective unpaid wages earned and due, including for unpaid overtime at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, or 8 hours in a day, and double the regular rate of pay for work performed in excess of 12 hours per day.

## EIGHTH CAUSE OF ACTION
**Illinois Wage Laws – Overtime Wages**
**820 Ill. Comp. Stat. 105/1, *et seq*.**
**(Brought by Plaintiff Hampton Individually and on Behalf of the Illinois Class)**

151. Plaintiff Hampton realleges and incorporates by reference all allegations in all preceding paragraphs.

152. At all times relevant, Plaintiff Hampton and the members of the Illinois Class have been employees and Echo has been their employer within the meaning of the Illinois Wage Laws. Plaintiff Hampton and the members of the Illinois Class are covered by the Illinois Wage Laws.

153. Echo employed Plaintiff Hampton and the members of the Illinois Class.

154. Echo failed to pay Plaintiff Hampton and the members of the Illinois Class wages to which they are entitled under the Illinois Wage Laws. Echo failed to pay Plaintiff Hampton and the members of the Illinois Class for overtime at a rate of one and one-half times their regular rate of pay for overtime.

155. Echo failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff Hampton and the Illinois Class members.

156. Due to Echo's intentional and willful violations of the Illinois Wage Laws, Plaintiff Hampton and the members of the Illinois Class are entitled to recover from Echo their unpaid wages (including overtime wages), treble damages, reasonable attorneys' fees and costs of the action, pre-judgment interest, 5% interest per month interest in accordance with the Illinois Wage Laws, and such other relief as provided by law.

## NINTH CAUSE OF ACTION
**Private Attorneys General Act**
**Cal. Lab. Code §§ 2698, *et seq*.**
**(Brought by Plaintiff Cienega Individually and on Behalf of the Aggrieved Employees)**

157. Plaintiff Cienega, on behalf of himself and all Aggrieved Employees, realleges and

incorporates by reference all other paragraphs as if they were set forth again herein.

158. Plaintiff is an Aggrieved Employee under PAGA, as he was employed by Echo during the applicable period and suffered one or more of the California Labor Code violations set forth herein. Accordingly, he seeks to recover on behalf of himself and all other current and former Aggrieved Employees of Echo, the civil penalties provided by PAGA, plus reasonable attorney's fees and costs.

159. Plaintiff seeks civil penalties pursuant to PAGA for violations of the following California Labor Code provisions:

     a. Failure to pay overtime wages in violation of California Labor Code §§ 510, 588, 1994 and 1998 and Wage Order Nos. 4-2001 & 7-2001;

     b. Failure to provide itemized wage statements or keep proper payroll records in violation of California Labor Code §§ 226 and 1174 and Wage Order Nos. 4-2001 & 7-2001;

     c. Failure to reimburse for all reasonable and necessary expenditures for home internet incurred by Sales Representatives in direct consequence of the discharge of their duties, in violation of California Labor Code § 2802; and

     d. Failure to pay wages during employment and upon termination and resignation in violation of California Labor Code §§ 201, 202, 203, and 204.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of the FLSA Collective, request the following relief:

A. Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b);

B. An award of damages, according to proof, including liquidated damages, to be paid by Echo;

C. Appropriate equitable and injunctive relief to remedy violations, including but not

necessarily limited to an order enjoining Echo from continuing its unlawful practices under the FLSA and/or a declaration that Echo's acts violate the FLSA;

D.  A reasonable service award for each Plaintiff to compensate them for the time they spent attempting to recover wages for the FLSA Collective and for the risks they took in doing so;

E.  Costs of the action incurred herein;

F.  Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

G.  Post-judgment interest, as provided by law;

H.  Such other relief as this Court deems necessary, just, and proper.

**WHEREFORE**, Plaintiff Cienega on behalf of himself and all California Class members he seeks to represent, requests the following relief:

A.  Certification of this action as a class action on behalf of the California Class;

B.  Designation of Plaintiff Cienega as Representative of the California Class he seeks to represent;

C.  Designation of Plaintiff Cienega's counsel of record as Class Counsel for the California Class;

D.  Appropriate statutory penalties;

E.  An award of damages, liquidated damages, and restitution to be paid by Echo according to proof;

F.  Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Echo from continuing its unlawful practices under the California Wage Laws and/or a declaration that Echo's acts violate the California Wage Laws;

G.  A reasonable service award to compensate Plaintiff Cienega for the time he spent attempting to recover wages for the California Class members and for the risks he took in doing so;

H.  Attorneys' fees and costs of suit;

I.  Prejudgment and post-judgment interest, as provided by law; and

CLASS AND COLLECTIVE ACTION AND PAGA COMPLAINT

J.      Such other relief as the Court may deem just and proper;

**WHEREFORE**, Plaintiff Hampton on behalf of herself and all Illinois Class members she seeks to represents, requests the following relief:

A.      Certification of this action as a class action on behalf of the Illinois Class;

B.      Designation of Plaintiff Hampton as Representative of the Illinois Class she seeks to represent;

C.      Designation of Plaintiff Hampton's counsel of record as Class Counsel for the Illinois Class;

D.      Unpaid overtime pay, treble damages, statutory penalties, and restitution pursuant to the Illinois Wage Laws;

E.      Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Echo from continuing its unlawful practices and/or a declaration that Echo's acts violate the law;

F.      A reasonable service award to compensate Plaintiff Hampton for the time she spent attempting to recover wages for the Illinois Class members and for the risks she took in doing so;

G.      Reasonable attorneys' fees and costs of the action;

H.      Pre-judgment and post-judgment interest as provided by Illinois law, including interest on all unpaid wages at the statutory rate of 5% per month; and

I.      Such other relief as the Court deems just and proper.

**WHEREFORE**, Plaintiff Cienega, on behalf of himself and on behalf of the Aggrieved Employees, requests the following relief:

A.      Civil penalties provided, per violation, under the California Private Attorneys General Act, California Labor Code §§ 2698, *et seq*.

B.      Pre-judgement and post-judgment interest, as provided by law;

C.      Attorneys' fees pursuant to Labor Code § 2698(g)(1);

D.      Costs of suit, including expert fees and costs;

E.      An appropriate service payment to Plaintiff Cienega for his service as a PAGA

CLASS AND COLLECTIVE ACTION AND PAGA COMPLAINT

representative; and

F.     Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Dated: New York, NY
        August 16, 2022                          Respectfully submitted,

                                                 By:  */s/ Justin M. Swartz*
                                                     Justin M. Swartz


                                                 Justin M. Swartz
                                                 Melissa L. Stewart (admitted *pro hac vice*)
                                                 OUTTEN & GOLDEN LLP
                                                 685 Third Avenue, 25th Floor
                                                 New York, NY 10017
                                                 Telephone: (212) 245-1000
                                                 Facsimile:  (646) 509-2060
                                                 E-Mail: JMS@outtengolden.com
                                                 E-mail: mstewart@outtengolden.com


                                                 Molly J. Frandsen (admitted *pro hac vice*)
                                                 OUTTEN & GOLDEN LLP
                                                 One California Street, 12th Floor
                                                 San Francisco, CA 94111
                                                 Telephone: (415) 638-8800
                                                 Facsimile:  (415) 638-8810
                                                 E-Mail: mfrandsen@outtengolden.com

                                                 Pedersen & Weinstein LLP
                                                 Erika Pedersen
                                                 33 N. Dearborn Street, Suite 1170
                                                 Chicago, IL  60602
                                                 Telephone: (312) 322-0710
                                                 Fascimile: (312) 322-0717
                                                 E-Mail: epedersen@pwllp.com

                                                 *Attorneys for Plaintiffs and Proposed Class and*
                                                 *Collective Members and Aggrieved Employees*

26
CLASS AND COLLECTIVE ACTION AND PAGA COMPLAINT