# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ARIS CIENEGA and ZAKEIA HAMPTON, Individually and On Behalf of All Others Similarly Situated, | )<br>)<br>)<br>) |
| Plaintiffs, | ) Case No. 1:22-cv-00644<br>) Judge Sara L. Ellis |
| v. | )<br>) |
| ECHO GLOBAL LOGISTICS, INC., | )<br>) |
| Defendant. | ) |

## JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS, COLLECTIVE, AND REPRESENTATIVE ACTION SETTLEMENT, AND DIMISSING CASE

This matter came before the Court upon three motions: Plaintiffs' Unopposed Motion for Final Approval of Class, Collective, and Representative Action Settlement; Plaintiffs' Unopposed Motion for Approval of Attorneys' Fees and Costs, and Plaintiffs' Unopposed Motion for Approval of Service Awards (collectively, the "Motions"). Having reviewed the Motions, the exhibits and declarations submitted therewith, and the Joint Stipulation of Class, Collective, and Representative Settlement Agreement and Release ("Settlement Agreement"), and having heard the arguments of the parties at the Final Approval Hearing on January 25, 2023, and being otherwise fully advised in the premises, the Court **FINDS** as follows:

1. This Court has jurisdiction over the subject matter of this action, the Plaintiffs, the Settlement Class Members, and Defendant Echo Global Logistics, Inc. ("Defendant");

2. The dissemination of the Notices, as provided for in the Court's Order granting preliminary approval, ECF No. 70, constituted the best practicable notice under the circumstances to all Settlement Class Members and fully met the requirements of Fed. R. Civ. P. 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution, and any other applicable law;

3. No Settlement Class Members objected to the Settlement;

4. Two Settlement Class Members requested exclusion from the Settlement; and

5. The settlement is fair, reasonable, and adequate.

**IT IS THEREFORE ORDERED:**

6. Based on the Court's review of Plaintiffs' Unopposed Motion for Final Approval of Class, Collective, and Representative Action Settlement, the Court grants final approval of the $6,575,000 settlement memorialized in the Settlement Agreement, ECF No. 75-2, and so orders all of its terms. This Order incorporates by reference the definitions in the Settlement Agreement and all terms defined therein shall have the same meaning in this Order.

7. The Court finds that the prerequisites and considerations of Fed. R. Civ. P. 23 are satisfied and certifies, for settlement purposes only, the following classes:

   a. <u>CALIFORNIA CLASS</u>: All Salaried Covered Employees who are currently or have been employed by Echo Global Logistics, Inc. ("Echo") in the State of California at any time from December 11, 2015 through June 30, 2022; and all Hourly Covered Employees who are currently or have been employed by Echo in the State of California at any time from June 30, 2018 through June 30, 2022.

   b. <u>ILLINOIS CLASS</u>: All Salaried Covered Employees who are currently or have been employed by Echo in the State of Illinois at any time from December 11, 2016 through June 30, 2022; and all Hourly Covered Employees who are currently or have been employed by Echo in the State of Illinois at any time since June 30, 2019 through June 30, 2022.

(collectively, the "Settlement Classes"). The Court concludes these Settlement Classes are ascertainable and sufficiently numerous, the claims or defenses of the representative parties are typical of the claims or defenses of the class, the representative parties will fairly and adequately protect the interest of the Settlement Classes, there are questions of law and fact common to the Settlement Classes that predominate over any questions solely affecting individual members of the Settlement Classes, and a class action settlement is a superior method of adjudication for this

case.

8. Outten & Golden LLP and Pedersen & Weinstein LLP, which the Court previously appointed as Class Counsel under of Fed. R. Civ. P. 23(g), satisfy the adequacy requirements of Rule 23(e)(2)(A).

9. Named Plaintiffs Aris Cienega and Zakeia Hampton are appropriate class representatives and satisfy Fed. R. Civ. P. 23(a)(4) and 23(e)(2)(A) because they do not have "antagonistic or conflicting claims with other members of the class." *Wahl v. Midland Credit Mgmt., Inc.*, 243 F.R.D. 291, 298 (N.D. Ill. 2007).

10. The Settlement is the product of arm's length negotiation by experienced counsel.

11. The relief provided to the class is adequate considering the costs, risks, and potential delay of trial and appeal and the effectiveness of the proposed method of distributing relief to the Settlement Class Members.

12. The Settlement treats Settlement Class Members equitably relative to each other.

13. The Court also approves the Fair Labor Standards Act ("FLSA") portion of the Settlement and certifies under 29 U.S.C. § 216(b), for settlement purposes only, a collective of Salaried Covered Employees employed by Echo nationwide during the period from December 11, 2016 through June 30, 2022, and Hourly Covered Employees employed by Echo nationwide during the period from June 30, 2019 through June 30, 2022 who elect to opt-in to this action by cashing or otherwise negotiating a Settlement Check ("FLSA Collective"). The Court finds that the Settlement is the product of contested litigation to resolve *bona fide* disputes.

14. The Court also finds that the settlement of Plaintiffs' Private Attorney General Act ("PAGA") claim is fair and reasonable, and approves the settlement and release of that claim and the PAGA payment in the amount of $50,000, with 25% allocated to PAGA Members and

75% allocated to the California Labor and Workforce and Development Agency ("LWDA"). As provided by the Settlement Agreement, PAGA Members are individuals employed by Echo in California as Covered Employees during the time period from December 11, 2018 through June 30, 2022.

15. The Settlement is fair, reasonable, and adequate to the Plaintiffs and the Settlement Class Members, in their best interests, and in full compliance with all requirements of due process and federal law. The Settlement is finally approved in all respects and its terms and provisions shall be consummated.

16. The attorneys at Outten & Golden LLP and Pedersen & Weinstein LLP, who prosecuted this case, are experienced class action employment lawyers with good reputations among the employment law bar. The Court grants Plaintiffs' Unopposed Motion for Approval of Attorneys' Fees and Costs and awards Class Counsel one-third of the Settlement Amount, or $2,191,666.66 in attorneys' fees, and $54,137.22 in costs and expenses reasonably expended litigating and resolving the lawsuit. The fee award is justified by the work that Class Counsel did negotiating the settlement and conducting the litigation, the ultimate recovery, and the risk that Class Counsel undertook in bringing the claims. These amounts shall be paid from the Total Settlement Amount.

17. The Court finds reasonable the Representative Service Awards in the amount of $12,500 each to the Plaintiffs; $5,000 each for Class and Collective Member Witnesses Joseph Ahern, N'dunga Kahil Balakushna, and Nicholas Libutti; and $4,000 for Class and Collective Member Witness Nathan Lander, in recognition of the services they rendered to Settlement Class Members, and authorizes their distribution from the Total Settlement Amount.

18. The Court approves the Individual Settlement Payments to Plaintiffs, Class and Collective Member Witnesses, and the Settlement Class Members.

19. The Court approves of any undistributed or uncashed/unnegotiated portion of the Net Settlement Amount allocated to the state law claims of Participating Class Members to be either redistributed pro rata to Settlement Class Members who cash or otherwise negotiate a settlement check or, if a redistribution is impractical on the basis that the amount remaining is similar to or less than the cost of a second distribution, paid to the agreed-upon *cy pres* recipient, Economic Policy Institute. The Court finds that the Economic Policy Institute is an appropriate *cy pres* recipient.

20. The Court approves that any undistributed or uncashed/unnegotiated portion of the Net Settlement Amount allocated to (i) Individual Settlement Payments issued to Putative Collective Members who are not Participating Class Members and/or (ii) the portion of any Individual Settlement Payment to any Participating Class Member that is allocated to settlement of the FLSA claims of Participating Class Members shall revert to Defendant in accordance with the terms of the Settlement Agreement.

21. The Court approves of any undistributed or uncashed/unnegotiated Individual PAGA Payments being submitted by the Settlement Administrator to the State of California's State Controller's Unclaimed Property Fund in the PAGA Member's name.

22. The Court approves the payment of settlement administration fees and costs to the Settlement Administrator, Rust Consulting, Inc., in accordance with the Settlement Agreement.

23. Within fifteen (15) calendar days after the Effective Date, Defendants shall deposit into a Qualified Settlement Account the Total Settlement Amount and employer-side

taxes on the wage portion of the Individual Settlement Payments, as specified in the Settlement Agreement.

24. Within seven (7) calendar days after the Funding Date, the Settlement Administrator shall distribute the Total Settlement Amount and associated tax payments, in accordance with the Settlement Agreement, including:

   a. Individual Settlement Payments to Participating Class Members, Putative Collective members, and PAGA Members;

   b. the PAGA LWDA Amount to the LWDA;

   c. the Representative Service Awards;

   d. the Class Counsel Award; and

   e. payment to itself for the services performed as Settlement Administrator.

25. Upon the Effective Date, and except as to such rights or claims as may be created by the Settlement Agreement, each and every Participating Class Member, on behalf of themselves and their heirs and assigns, releases the Released Parties from the Released Class Claims.

26. Upon cashing and/or otherwise negotiating their Individual Settlement Payment check, and except as to such rights or claims as may be created by the Settlement Agreement, each and every Putative Collective Member who becomes a Participating Collective Member and, on behalf of themselves and their heirs and assigns, releases the Released Parties from the Released Collective Claims.

27. Upon the date Defendant transfers the Total Settlement Amount to the Settlement Administrator, the Representative Service Award Recipients shall release the Released Parties from the Released Claims and the Released PAGA Claims and, in addition, the Representative

Service Award Recipients make an additional General Release in favor of the Released Parties as set forth in the Settlement Agreement.

28. Upon entry of this Order, each and every PAGA Member releases the Released Parties from the Released PAGA Claims.

29. The Court hereby dismisses this action with prejudice, and all claims contained therein.

30. Final judgment is hereby entered in this action, consistent with the terms of the Settlement Agreement.

31. The Court retains jurisdiction over the action solely for the purpose of overseeing the administration and enforcement of the terms of the Settlement and the Court's orders.

It is so **ORDERED** this 26 day of January, 2023.

Judge Sara L. Ellis